**G. Winfield PARDEE, Appellant,**

**v.**

**Sheldon K. STOCK and Sea Glint, Ltd., a corporation, Appellees.**

No. 82–2122.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1983.

Decided Aug. 3, 1983.

Stiehl & Stiehl, Belleville, Ill., for appellant.

Stefan J. Glynias, Evans & Dixon, St. Louis, Mo., for appellees.

Before JOHN R. GIBSON and FAGG, Circuit Judges, and WOODS,* District Judge.

FAGG, Circuit Judge.

G. Winfield Pardee appeals the district court's dismissal of his action following Pardee's failure to comply with a court order to attend a hearing. Because the dismissal of Pardee's suit constituted an abuse of discretion by the district court, we reverse and remand for further proceedings.

On July 31, 1980, Pardee filed a diversity action against Sheldon Stock and Sea Glint, Ltd., in the Southern District of Illinois. The case was transferred to the Eastern

District of Missouri on October 1, 1981. Stock filed a request for production of documents on February 26, 1982. On June 18, 1982, trial in the case was set for September 7, 1982. Pardee's attorney, George Ripplinger, Jr., filed a motion for leave to withdraw as his counsel on July 9, 1982. Five days later, Stock filed a motion for an order compelling discovery relating to the February 26th request for production. A hearing was scheduled for August 13, 1982, on Ripplinger's motion to withdraw. The court sent the attorneys involved in the suit and Pardee notice ordering them to attend this hearing.

Pardee had planned to be in Florida for business on the hearing date, he did not contest Ripplinger's withdrawal, and he felt the time and expense of returning for the hearing would be burdensome. Rather than ignoring the court's order Pardee contacted the law firm of Stiehl and Stiehl and requested that they represent him at the hearing. Attorney Don Samson of the Stiehl firm called the court concerning the reasons for Pardee's absence and William Stiehl, Jr. attended the August 13th hearing on Pardee's behalf. The judge at this hearing acknowledged receiving prior notice that Pardee would not attend; despite this, he indicated that he was inclined to dismiss the case for failure to comply with orders of the court. On August 18, 1982, the district court judge issued an order dismissing Pardee's case with prejudice pursuant to Fed.R.Civ.P. 41(b) for Pardee's failure to comply with the court's order to appear at the August 13th hearing.

On appeal Pardee contends that there was no clear pattern of contumacious conduct on his part and that the district court erred in failing to consider and apply less serious sanctions. A district court may, upon its own motion, dismiss an action for failure of the plaintiff to comply with any order of court. *Link v. Wabash Railroad,* 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734, *reh'g denied,* 371 U.S.

---

\* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

873, 83 S.Ct. 115, 9 L.Ed.2d 112 (1962); *see M.S. v. Wermers,* 557 F.2d 170 (8th Cir. 1977); *Moore v. St. Louis Music Supply Co.,* 539 F.2d 1191 (8th Cir.1976); Fed.R.Civ.P. 41(b). On review, we must determine whether the district court abused its discretion in dismissing Pardee's case with prejudice. *See Moore v. St. Louis Music Supply Co., supra,* 539 F.2d at 1193.

> This necessarily requires us to consider whether in the particular circumstances of the case the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant his day in court.

*Id.* Dismissal with prejudice under Fed.R. Civ.P. 41(b) is a drastic sanction which should be exercised sparingly. *Navarro v. Chief of Police,* 523 F.2d 214, 217 (8th Cir. 1975). Before resorting to such a dismissal the trial judge should consider alternative sanctions which do not impact so decisively upon the litigant. *Moore v. St. Louis Music Supply Co., supra,* 539 F.2d at 1193; *see also Tolbert v. Leighton,* 623 F.2d 585 (9th Cir.1980). The court should resort to dismissal of an action only when there has been a "clear record of delay or contumacious conduct by the plaintiff." *M.S. v. Wermers, supra,* 557 F.2d at 175.

■ The record indicates that Pardee has not been involved in any prior instances of disobedience, of refusal to comply with court orders, or of disrespectful behavior. A motion to compel discovery was pending but the court had not taken any action on that motion. Although Pardee failed to appear at the hearing on his attorney's motion to withdraw, he did not ignore the court's order because he arranged to have counsel appear on his behalf at the hearing and notified the court prior to his absence. Pardee did not object to Ripplinger's withdrawal and the court had not forewarned him, either in the scheduling order or after it learned Pardee was not going to appear, that his failure personally to attend the hearing would create a risk of dismissal. This isolated incident of noncompliance with the court's order does not justify the trial court's dismissal of Pardee's suit.

We reverse and remand for consideration of alternative, appropriate sanctions for Pardee's failure to appear which will assure completion of discovery and a prompt trial.