Edward WRIGHT, Appellant,

v.

Willis SARGENT, Warden, Captain R. Perry; Employees Cummins Unit, Arkansas Department of Correction, Dr. C. Bell, Employee, HMA William Ruhge, Jay Stingley, R. Woods, Appellees.

No. 87–2718.

United States Court of Appeals, Eighth Circuit.

Submitted April 27, 1988.

Decided March 17, 1989.

Edward Wright, pro se.

Alan Humphries, Pine Bluff, Ark., and Jack Gillean, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before HEANEY,[*] BOWMAN and BEAM, Circuit Judges.

PER CURIAM.

Edward Wright appeals the magistrate's[1] dismissal with prejudice of his 42 U.S.C. § 1983 complaint and assessment of jury costs, pursuant to Fed.R.Civ.P. 41(b),[2] due to Wright's failure to appear for a jury trial. We affirm.

## I. BACKGROUND

In 1986, while in an Arkansas state prison, Wright filed a section 1983 complaint alleging violations of his eighth, fifth, and fourteenth amendment rights. Wright requested a jury trial. The parties consented to referral of the case to the federal magistrate in accordance with 28 U.S.C. § 636(c). In June 1986, the magistrate granted Wright's motion for appointment of counsel finding that a "portion of" the complaint, if true, would entitle him to relief.[3] After appointment of counsel, extensive discovery took place and trial was set for November 16, 1987. On August 4, 1987, Wright was notified by a letter from the court of his November trial date. Wright was paroled in October 1987, and he met with his attorney on November 13, 1987.

On the day of the trial Wright did not appear at the designated time, nor did he contact the court to explain his absence. Wright's counsel informed the court that Wright had been told three days before of the trial date and time. After a reasonable wait, and when Wright still did not appear,

---

[*] The HONORABLE GERALD W. HEANEY assumed senior status on January 1, 1989.

1. The Honorable H. David Young, United States Magistrate for the Eastern District of Arkansas.

2. Fed.R.Civ.P. 41(b) provides as follows:
   For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against defendant. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision * * * operates as an adjudication upon the merits.

3. Wright's pro se claims were that he was beaten by fellow inmates due to the lack of a prison security policy and a prison guard's negligence. He additionally claimed that inadequate prison medical treatment of his injuries resulting from the fight caused his finger to be permanently deformed.

the magistrate dismissed the complaint with prejudice. The court additionally assessed Wright the cost of compelling the twenty-seven prospective jurors to attend the proceeding which totaled $1,109.70. The court specifically based its rulings on (1) Wright's failure to appear for trial when he had been adequately informed of the date and time of the trial; (2) the time and expense expended by the court personnel, jurors, defendants, and Wright's attorney; and (3) the failure of Wright to advise the court of the reasons for his delay.

On appeal, Wright, through papers attached to his notice, stated that he arrived at the courthouse thirty minutes late for the trial. He claimed that he was late because his scheduled transportation did not arrive and his substitute transportation broke down. He excused his lack of notice to the court by explaining that he was locked out of his house so he could not use the phone to alert the court of his difficulties.

Wright's explanations had never been presented to the trial court. Accordingly, this court treated the filings as a motion for relief under Fed.R.Civ.P. 59(e) and remanded the matter to the district court for further consideration. After further consideration, the trial court reaffirmed the dismissal and returned the case to this court as directed.

Further consideration by the district court included receiving testimony from Wright and a witness for Mr. Wright who purportedly knew of Wright's trial-day difficulties. Upon measuring this evidence the magistrate found it to be incredible, untruthful, and totally lacking in support. We review this fact-finding process under a clearly erroneous standard. Fed.R.Civ.P. 52(a). After an analysis of the information presented to the trial court, as set forth by

the magistrate, we are unable to say that these determinations are clearly wrong.[4]

## II. DISCUSSION

"The district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for failure to prosecute." *Garrison v. International Paper Co.*, 714 F.2d 757, 759 (8th Cir.1983). This inherent power has been recognized in Fed.R.Civ.P. 41(b). *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). On review of the exercise of this power this court must decide whether the court below abused its discretion. *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983).

Judicial discretion is "the responsible exercise of official conscience on all the facts of a particular situation," taking into consideration the purpose of the exercised power. *Welsh v. Automatic Poultry Feeder Co.*, 439 F.2d 95, 97 (8th Cir.1971) (quoting *Bowles v. Goebel*, 151 F.2d 671, 674 (8th Cir.1945)). In the case of a Rule 41(b) dismissal with prejudice, this court must consider "whether in the particular circumstances of the case the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant his day in court." *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1193 (8th Cir.1976) (citations omitted). The most important factor to consider is "the egregiousness of the plaintiff's conduct"; a secondary factor is "the adverse effect of the plaintiff's conduct on the defendant and on the administration of justice." *Garrison*, 714 F.2d at 760 (citations omitted).

Here, at best, Wright was late for court. He then attempted to support his failure by presenting a series of incredible explanations. Such conduct attacks the integrity

---

4. The dissent, apparently, finds the explanations presented by Mr. Wright to be wholly credible and would, accordingly, impose a lesser sanction. If we could agree that the explanations were a reasonably truthful recitation of actual events, dismissal would, perhaps, be excessively drastic. However, as indicated, the findings of fact to be applied in evaluating an abuse of discretion depend in this case upon credibility

determinations made by the magistrate, and credibility determinations are almost never clearly erroneous. *Anderson v. Bessemer City*, 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed. 2d 518 (1985) (when findings are based upon determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings).

of the court and dictates that he should not be permitted to misuse the good offices that he tends to undermine with his untruthful statements.

### III. CONCLUSION

The district court should be affirmed.

HEANEY, Senior Circuit Judge, dissenting.

I respectfully dissent. In my view, the dismissal of appellant's case by the magistrate for the reason that appellant negligently arrived at his trial one hour after it was scheduled to begin was an unwarranted sanction. I do not quarrel with the monetary sanction imposed to pay for jury costs, but certainly this sanction was more than sufficient to uphold the dignity of the court and the integrity of its calendar.

This decision is also inconsistent with prior decisions of this court, where we have made it clear that dismissal was the ultimate sanction and was to be imposed only where the conduct had been a good deal more egregious than it was here. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir.1986); *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir.1985); *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983); *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1193 (8th Cir.1976); and *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217–18 (8th Cir.1975).