962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Daniel Dale DAVID, Appellant,
v.
Rick SEGAL, Appellee.
 No. 92-1371.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 3, 1992.
Filed: May 11, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Daniel Dale David appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b). We affirm the order of dismissal, but vacate the judgment and remand for entry of an order of dismissal without prejudice.
 
 
 2
 Rick Segal, a police officer in Fulton, Missouri, arrested David on a charge of first-degree assault and placed him in the Callaway County Jail on May 19, 1991. David filed, in forma pauperis, a section 1983 complaint in the Eastern District of Missouri, alleging that Segal had arrested him illegally. David requested that the court dismiss the criminal charges against him, order his immediate release from custody, and award him one million dollars in damages. On September 11, 1991, the case was transferred to the Western District of Missouri.
 
 
 3
 On October 31, 1991, after reviewing David's complaint, the magistrate judge issued a report and recommendation. Among other things, the magistrate judge observed that mail from the court to David at the Callaway County Jail had been returned undelivered. The magistrate judge, therefore, ordered David to provide a forwarding address within twenty days and warned that the complaint might be dismissed if David failed to comply with the order. The court mailed the report to the Callaway County Jail, however, and it was returned to the district court undelivered. On November 18, 1991, the magistrate judge recommended that David's complaint be dismissed under Rule 41(b) because he failed to comply with the order. On February 6, 1992, the district court adopted the recommendation. On appeal, David asserts that the district court erred by dismissing his complaint with prejudice and that only the district court's February 6 order dismissing his complaint was forwarded to him from the Callaway County Jail.
 
 
 4
 This court reviews a Rule 41(b) dismissal under an abuse of discretion standard. Wright v. Sargent, 869 F.2d 1175, 1176 (8th Cir. 1989) (per curiam) (citation omitted). Rule 41(b) authorizes a district court to "dismiss an action for the plaintiff's failure to comply with any court order and, unless otherwise specified, such a dismissal operates as an adjudication on the merits." Brown v. Frey, 806 F.2d 801, 803 (8th Cir. 1986). In assessing whether dismissal with prejudice is an appropriate sanction, we consider the egregiousness of the plaintiff's conduct and its adverse effect on the defendant and the administration of justice. Wright, 869 F.2d at 1176 (citation omitted). Dismissal with prejudice is a severe sanction which should be employed sparingly. Brown, 806 F.2d at 803 (citation omitted).
 
 
 5
 As a general rule, only a clear pattern of delay or "contumacious conduct" warrants dismissal with prejudice. See, e.g., DuBose v. Minnesota, 893 F.2d 169, 171 (8th Cir. 1990) (plaintiff's failure to comply with numerous pretrial orders and failure to appear for trial justified dismissal with prejudice); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 60-61 (8th Cir.) (per curiam) (plaintiff's intentional refusal to comply with court's order to amend complaint despite numerous extensions supported dismissal with prejudice), cert. denied, 488 U.S. 996 (1988); Mullen v. Galati, 843 F.2d 293, 294 (8th Cir. 1988) (per curiam) (dismissal with prejudice affirmed where plaintiff twice failed to appear for scheduled hearings); Jackson v. Schoemehl, 788 F.2d 1296, 1299 (8th Cir. 1986) (reversing dismissal with prejudice despite plaintiffs' failure to file proposed findings of fact and conclusions of law for two years because court gave plaintiffs no opportunity to explain or cure tardiness and delay did not prejudice defendants). "The court does not need to find that the plaintiff acted in bad faith, merely that the plaintiff acted deliberately as opposed to accidentally." First Gen. Resources Co. v. Elton Leather Corp., 958 F.2d 204, (8th Cir. 1992) (per curiam).
 
 
 6
 Though the district court acted within its authority by dismissing David's complaint, we conclude that the court abused its discretion by dismissing the action with prejudice based on David's failure to comply with one court order. See Brown, 806 F.2d at 803-04. The record reveals no pattern of delay or "contumacious conduct" to support such an extreme sanction. Moreover, the record indicates that David did not receive the magistrate judge's order. Thus, his failure to comply with it could not have been intentional. We therefore affirm the order of dismissal, but vacate the judgment and remand for entry of an order of dismissal without prejudice. See Clayton v. White Hall School Dist., 778 F.2d 457, 460 (8th Cir. 1985).
 
 
 7
 The judgment is vacated and the case is remanded for entry of an order of dismissal without prejudice.