PER CURIAM.
 

 William Wentworth Foster and Terry L. Canterbury, inmates of the Missouri Department of Corrections, claim that they were hit by stray pieces of buckshot and received minor injuries during the quelling of a prison disturbance created by a knife-wielding inmate, Nunley. Major Eberle fired the shot down a corridor into inmate Nunley’s legs after he ignored a warning shot into the air and continued to threaten the safety of other officers and inmates. Foster and Canterbury were in a cell close to the action and were hit by the buckshot.
 

 Foster, a frequent filer of non-meritorious claims, and Canterbury immediately filed suit under 42 U.S.C. § 1983, alleging that their constitutional rights had been violated. The district court directed defendant Eberle to show cause why Foster and Canterbury should not be allowed to proceed in forma pauperis and be relieved of paying a filing fee.
 

 Eberle’s response to the show cause order included a copy of Foster’s inmate account balance which never dropped below $126.51 for the previous six months. The district court then ordered the plaintiffs to file a traverse and warned them that failure to make this filing could result in dismissal. The court also ordered Foster to show compliance with an order in a related case requiring him to pay a $50 sanction to the Missouri Attorney General in that litigation or, in the alternative, to pay the full filing fee in the present case. Foster responded that he was willing to pay a partial filing fee but he refused to show compliance with the sanction order in the other lawsuit. Canterbury made no response whatsoever although he was ordered to do so for a second time. With regard to Foster, the district court said:
 

 The conditions set forth in the order in
 
 Foster v. Beckley
 
 required plaintiff Foster to reimburse the Missouri Attorney General’s Office the sum of $50.00 as costs in preparing for a hearing set for October 30, 1987 [as a Rule 11 sanction]. The order also restricted plaintiff Foster from filing new complaints
 
 in forma pauperis
 
 in the Central Division of the Western District of Missouri until (1) plaintiff Foster paid the $50.00 sanction and filed a receipt with the clerk of court, and (2) plaintiff Foster assured the court that his case load was reduced to a level whereby plaintiff Foster could proceed with his cases in a timely manner and in compliance with Fed.R.Civ.P. 11. The restriction did not apply to cases dealing with a life-threatening condition.
 

 Appellee’s appendix at 58-59.
 

 Upon appellants’ failure to obey the orders of the court, an order of dismissal was entered. This appeal followed. We affirm.
 

 Foster and Canterbury claim that the district court abused its discretion in entering the order of dismissal. We disagree. What appears to be happening is an attempt by the appellants to manipulate the court.
 

 Foster, for instance, claims that the restrictions in the sanctions order did not apply to a suit alleging a life-threatening situation. No such situation is alleged in this case. Canterbury contends, apparently, that he can “stonewall” the court and avoid a dismissal because it is such a drastic remedy. In the alternative, he argues that he should have been afforded a hearing.
 

 We have upheld limits on inmate filings when, like Foster, the individual has flood
 
 *1016
 
 ed the courts with litigation.
 
 In re Tyler,
 
 839 F.2d 1290 (8th Cir.1988);
 
 Green v. White,
 
 616 F.2d 1054 (8th Cir.1980). Foster’s dismissal here is in line with our previous holdings and will be upheld.
 

 As Canterbury contends, this circuit, in
 
 Pardee v. Stock,
 
 712 F.2d 1290 (8th Cir.1983), stated that an “isolated incident of noncompliance with [a court] order does not justify ... dismissal.”
 
 Id.
 
 at 1292. In
 
 Pardee,
 
 however, the violated order directed the plaintiff to appear at a hearing on his lawyer’s request to withdraw. Being in Florida, Pardee, who had not been in violation of other directions from the court, notified the court of his absence from St. Louis and arranged for representation at the hearing by another firm of lawyers. Thus, the circumstances of
 
 Pardee
 
 are a far cry from the studied, long-term, delaying tactics of Canterbury carried out by his refusal to respond to two lawful orders of the court.
 

 The district court is affirmed.