993 F.2d 228
 25 Fed.R.Serv.3d 965
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Melvin Wayne MARTIN, Plaintiff-Appellant,
v.
Alan BUZZARD; P. E. Patterson; James Douglas Pugh, Jr.,
Defendants-Appellees.
 No. 92-6242.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 29, 1993
Decided: April 30, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CA-90-472-R)
 Robert T. Magill, Student Counsel, Appellate Litigation Clinical Program, Georgetown University Law Center, Washington, D.C., for Appellant.
 William Sampson Kerr, Appomattox, Virginia, for Appellees.
 Steven H. Goldblatt, David B. Goodhand, Supervising Attorney, John F. Gaul, Student Counsel, Robert B. Humphreys, Student Counsel, Appellate Litigation Clinical Program, Georgetown University Law Center, Washington, D.C., for Appellant.
 W.D.Va.
 VACATED AND REMANDED.
 Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Melvin Wayne Martin appeals the district court's order denying relief from the dismissal of his § 1983 complaint under Federal Rule of Civil Procedure 60(b). Martin's § 1983 complaint was dismissed, with prejudice, because Martin failed to appear on time at his scheduled trial. We conclude that the district court abused its discretion in imposing such a drastic sanction under the circumstances, and therefore subsequently abused its discretion in denying the Rule 60(b) motion.
 
 
 2
 Martin's complaint, filed pursuant to 42 U.S.C.s 1983 (1988), seeks to redress alleged constitutional violations by officers of the Buena Vista, Virginia, Police Department. At all times pertinent to this appeal, Martin resided in New York. The events giving rise to this litigation took place in Virginia.
 
 
 3
 One day prior to the scheduled trial date, Martin submitted a motion for postponement of trial. He stated that his live-in girlfriend "blew up the motor in the plaintiff's car, and also stold [sic] the money the plaintiff had been saving to come to Va. for this trial." (J.A. 97.) He also stated that his girlfriend had destroyed papers he had prepared to further his interest in the trial. Without directly responding to Martin's motion, the district court continued the trial until December 11, 1991, at 10:00 a.m. The court's order noted that the continuance was "[b]ecause of a conflict with the court schedule." (J.A. 99.)
 
 
 4
 At 10:05 on the rescheduled date of trial, Martin had not appeared for trial and the district court dismissed the case with prejudice for failure to prosecute. In his motion for relief from the district court's order, Martin contends he spent the night of December 10 in Buena Vista, which is approximately thirty-eight miles from Lynchburg, the place of the scheduled trial. He departed for the courthouse at 8:30 a.m., arrived in Lynchburg at 9:40 a.m., and immediately stopped at a gas station to ask for directions to the federal court building. He stopped at gas stations two more times to ask for directions, but was unable to locate the building. Finally, Martin stopped a bystander who led him to the federal court building.
 
 
 5
 According to Martin, he arrived at the district court at about 10:20 a.m. and immediately announced his presence to the clerk of court. The clerk informed Martin that because he had not given notice that he would be arriving late, his case had been dismissed at 10:05 a.m. Martin made several attempts to talk to the judge, but was advised that the judge was sick and had left the court to return to Roanoke. Martin wrote a note to the judge stating that he had, in fact, appeared, and requesting reinstatement of the case. Martin never served this letter on Defendants, and the district court never responded to it.
 
 
 6
 Because Martin did not serve the letter on Defendants, it did not toll the period for appealing the dismissal of his case, even though it was filed within ten days of entry of judgment. See Fed. R. Civ. P. 59(b). However, on January 14, 1992, Martin moved for reconsideration under Federal Rule of Civil Procedure 60(b). The district court denied relief, finding that Martin's excuses for not arriving on time were insufficient grounds on which to reinstate his case. Martin filed a timely appeal from the denial of his Rule 60(b) motion.
 
 
 7
 The district court's order denying the Rule 60(b) motion will not be overturned absent an abuse of discretion. See Werner v. Carbo, 731 F.2d 204, 206 (4th Cir. 1984). Plaintiff has the burden of showing that his motion was timely filed, that he has a meritorious claim or defense, that granting such relief would not result in undue prejudice to the opposing party, and that exceptional circumstances exist. Id. at 206-07. Plaintiff must then satisfy one of the rule's grounds for relief from judgment. Id. at 207. Relief under Rule 60(b) is more liberally granted when the case was dismissed prior to reaching the merits. 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2857, at 160 (1973).
 
 
 8
 There was no unreasonable delay in filing the Rule 60(b) motion. Martin filed the motion just over a month after the filing of the order dismissing his action. In the meantime, Martin's handwritten motion was pending with the court. Therefore, we find the motion for reconsideration was timely filed. See Werner, 731 F.2d at 207.
 
 
 9
 As to whether Martin has a meritorious claim justifying relief under Rule 60(b), we note that the district court was required to consider four factors in deciding whether dismissal under Federal Rule of Civil Procedure 41(b) was appropriate under the circumstances of this case. Those factors are:
 
 
 10
 (1) Degree of personal responsibility of Plaintiff;
 
 
 11
 (2) Amount of prejudice caused Defendant;
 
 
 12
 (3) Existence of a drawn-out history of deliberately proceeding in a dilatory fashion; and
 
 
 13
 (4) Existence of less drastic sanctions.
 
 
 14
 Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). These factors are not to be applied rigidly. See Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990). Dismissal under Rule 41(b) is reviewed for abuse of discretion. Id. at 96.
 
 
 15
 The district court did not refer to any pattern or history of dilatoriness in Martin's pursuit of his claim. There is no evidence in the record of deliberate misconduct by Martin. See Hillig v. Commissioner, 916 F.2d 171, 173-74 (4th Cir. 1990) (involuntary dismissal inappropriate where blameless client is punished for attorney's misconduct); Herbert v. Saffell, 877 F.2d 267, 269 (4th Cir. 1989) (lack of deliberate delay cited as significant factor in reversing district court). There is no indication the district court considered an action less drastic than dismissal with prejudice. See Herbert, 877 F.2d at 270. Nor was Plaintiff given any warning or opportunity to explain his tardiness. Cf. Wright v. Sargent, 869 F.2d 1175 (8th Cir. 1989) (district court within its discretion in dismissing with prejudice due to plaintiff's appearance thirty minutes late because of transportation problems; court conducted hearings to consider excuses given for delay). We also find that Martin gave sufficient reasons for his failure to appear, and did not unduly delay the filing of his motion for reconsideration. We conclude that the district court abused its discretion in dismissing Martin's case, and hence that Martin's claim for relief under Rule 60(b) is meritorious.
 
 
 16
 Finally, we find that Martin has met the remaining requirements for Rule 60(b) relief. It does not appear that granting the Rule 60(b) motion would subject Defendants to any undue prejudice. Prejudice of the type resulting from the vacation of any judgment is insufficient to preclude Rule 60(b) relief. Werner, 731 F.2d at 207. We also find that the circumstances surrounding Martin's failure to appear are exceptional and that they fall within Rule 60(b)(1).
 
 
 17
 In light of our previous cases holding that dismissal with prejudice is a drastic sanction that should only be used in extreme circumstances, and in view of the absence of prior dilatoriness or delay by Martin, we vacate the district court's order denying Rule 60(b) relief and remand to the district court with instructions to reinstate the case.
 
 VACATED AND REMANDED