**FEDERAL–MOGUL CORPORATION, Plaintiff and Plaintiff–Intervenor,**

**The Torrington Company, Plaintiff and Plaintiff–Intervenor,**

v.

**UNITED STATES, Defendant,**

NTN Bearing Corporation of America, American NTN Bearing Manufacturing Corporation and NTN Corporation; Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A.; Peer Bearing Company; NSK Ltd. and NSK Corporation; Caterpillar Inc.; Minebea Co., Ltd. and NMB Corporation, Defendants–Intervenors.

Consol. Court Nos. 91–07–00530, 91–08–00569.

United States Court of International Trade.

Oct. 8, 1993.

Branch, Civ. Div., U.S. Dept. of Justice, Velta A. Melnbrencis and Jane E. Meehan (John D. McInerney, Acting Deputy Chief Counsel for Import Admin., Dean A. Pinkert, Stephen J. Claeys and Craig R. Giesze, Atty.-Advisors, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, DC, of counsel), for defendant.

Powell, Goldstein, Frazer & Murphy, Peter O. Suchman, Neil R. Ellis, Susan E. Silver and Niall P. Meagher, Washington, DC, for defendants-intervenors Koyo Seiko Co., Ltd. and Koyo Corp. of U.S.A.

Barnes, Richardson & Colburn, Robert E. Burke, Donald J. Unger, Kazumune V. Kano and Diane A. MacDonald, Chicago, IL, for defendant-intervenors NTN Bearing Corp. of America, American NTN Bearing Mfg. Corp. and NTN Corp.

Coudert Brothers, Robert A. Lipstein, Matthew P. Jaffe and Nathan V. Holt, Washington, DC, for defendants-intervenors NSK Ltd. and NSK Corp.

Venable, Baetjer, Howard & Civiletti, John M. Gurley, John C. Dibble and Lindsay B. Meyer, Washington, DC, for defendant-intervenor Peer Bearing Co.

Powell, Goldstein, Frazer & Murphy, Richard M. Belanger, Neil R. Ellis and D. Christine Wood, Washington, DC, for defendant-intervenor Caterpillar Inc.

Arent Fox Kintner Plotkin and Kahn, Michele N. Tanaka and Peter Sultan, Washington, DC, for defendant-intervenor Minebea Co., Ltd. and NMB Corp.

Frederick L. Ikenson, P.C., Frederick L. Ikenson, J. Eric Nissley, Joseph A. Perna, V and Larry Hampel, Washington, DC, for plaintiff and plaintiff-intervenor Federal–Mogul Corp.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Wesley K. Caine, Christopher J. Callahan, John M. Breen, Geert De Prest, Margaret E.O. Edozien, Lane S. Hurewitz, Patrick J. McDonough, Robert A. Weaver and Amy S. Dwyer, Washington, DC, for plaintiff and plaintiff-intervenor The Torrington Co.

Frank W. Hunger, Asst. Atty. Gen.; David M. Cohen, Director, Commercial Litigation

## OPINION

TSOUCALAS, Judge:

Defendant-intervenors, Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A. ("Koyo"), move pursuant of Rule 7 of the Rules of this Court for clarification and modification of the Order remanding this case to the Department of Commerce, International Trade Administration ("ITA") which accompanied *Federal–Mogul Corp. v. United States*, 17 CIT ——, 1993 WL 379531 Slip Op. 93–180 (September 14, 1993). *Motion to*

*Clarify and Amend Order ("Koyo's Motion").*

The Order accompanying Slip Op. 93–180 remanded this case to the ITA

> to allow the ITA to determine if JBIA inspection certificates provided evidence that respondents knew, or should have known, that sales to Japanese original equipment manufacturers ("OEMs") with U.S. affiliates were destined for the U.S. market and if the ITA finds that respondents knew, or should have known, that sales to Japanese OEMs with U.S. affiliates were destined for the U.S. market, the ITA will disregard those sales in calculating foreign market value; ....

Order accompanying Slip Op. 93–180 (September 14, 1993).

Koyo argues that, in regard to Koyo, this issue was previously disposed of in *Torrington Co. v. United States,* 17 CIT ——, 818 F.Supp. 1563 (1993). Koyo argues that it filed a motion for partial judgment on the agency record pursuant to Rule 56.1 of the Rules of this Court on February 24, 1992 which requested judgment on all issues relating to Koyo contained in The Torrington Company's ("Torrington") complaint in Court No. 91–08–00569,[1] including Count 4 which addressed whether respondents knew, or should have known, that certain home market sales were destined for the U.S. market. *See Motion of Defendant–Intervenors Koyo Seiko Company, Ltd. and Koyo Corporation of U.S.A. for Judgment on the Agency Record* (February 24, 1992). Koyo argues that *Torrington,* 17 CIT ——, 818 F.Supp. 1563, decided all issues raised in Koyo's motion for partial judgment. *Koyo's Motion* at 2, 4–5.

On April 13, 1992, this Court issued a Scheduling Order in Court No. 91–07–00530 which stated in pertinent part:

*Phase One*

Plaintiff and plaintiff-intervenor's response briefs to defendant-intervenor Koyo Seiko Company, Ltd. and Koyo Corporation of U.S.A.'s (collectively "Koyo") February 24, 1992 motion for judgment on

the agency record is due 30 days after the entry of this order,

. . . . .

*Phase Two*

Within 90 days of the entry of this order, plaintiff and plaintiff-intervenor in the above-captioned cases shall file and serve their principal briefs pursuant to Rule 56.1 concerning these issues:

1. Reporting of Home Market and US Sales (Count 4 in 91–08–00569)

Scheduling Order dated April 13, 1992 (entered in Court No. 91–07–00530 and applicable to Court No. 91–08–00569). Koyo argues that this Order required the parties to address Count 4 of Torrington's complaint in regard to Koyo during Phase One and that the parties failed to do so. Therefore, Koyo argues that Torrington abandoned this issue in regard to Koyo. *Koyo's Motion* at 3–5.

Torrington opposes Koyo's motion arguing that, in good faith, it interpreted this Court's April 13, 1992 Scheduling Order as requiring the parties to address Count 4 of its complaint, including the application of Count 4 to Koyo, during Phase Two of these proceedings. Torrington points out that, in replying to Koyo's motion for partial judgment during Phase One, it explicitly abandoned Counts 8 and 11 of its complaint in regard to Koyo, but did not do so for Count 4. *Opposition of The Torrington Company to Motion for Clarification and Amendment of Slip Op. 93–180 ("Torrington's Opposition")* at 2–3; *see Plaintiff's Response to Defendant–Intervenors' Motion for Judgment on the Agency Record* at 2 n. 2 (May 13, 1992).

In addition, Torrington points out that this Court's decision in *Torrington,* 17 CIT ——, 818 F.Supp. 1563, did not address Count 4 of Torrington's complaint. In fact, the only decision on this issue is Slip Op. 93–180 which deals with Phase Two issues and which is the Slip Opinion which Koyo seeks to have modified. *Torrington's Opposition* at 3.

Finally, Torrington argues that Koyo's motion amounts to a request for dismissal of Count 4 as to Koyo's imports but that dis-

---

1. Court No. 91–08–00569 was consolidated with Court No. 91–07–00530 by order of this Court

dated April 14, 1993.

missal is a drastic remedy whose use is not warranted by the facts of this case. *Id.* at 4 (*citing e.g., Pardee v. Stock,* 712 F.2d 1290 (8th Cir.1983)).

Defendant agrees with Torrington's arguments on this issue and points out that it too interpreted the Scheduling Order in this case as requiring that Count 4 be addressed in Phase Two. *Defendant's Opposition to Motion of Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A. to Clarify and Amend Order.*

It is clear that there was confusion over the correct interpretation of this Court's Scheduling Order in this case. Nevertheless, Koyo had the opportunity to fully brief this issue. *See Memorandum of Points and Authorities in Support of Defendant–Intervenors' Motion for Judgment on the Agency Record* (February 24, 1992). The facts as presented here do not warrant a finding that Torrington abandoned this issue in regard to Koyo. In addition, there is nothing in this Court's opinion in *Torrington,* 17 CIT ——, 818 F.Supp. 1563, or in *Federal–Mogul,* 17 CIT ——, Slip Op. 93–180, which would lead this Court to conclude that Koyo was excluded from the Court's remand Order on this issue. The Order remanding this case to the ITA speaks of investigating whether *"respondents* knew, or should have known, that sales to Japanese OEMs with U.S. affiliates were destined for the U.S. market...." Order accompanying Slip Op. 93–180. Koyo was a respondent.

Therefore, Koyo's motion to clarify and amend Slip Op. 93–180 is granted in part insofar as Slip Op. 93–180 is clarified to make clear that the Order of remand accompanying Slip Op. 93–180 does cover Koyo. Koyo's motion to amend is denied.