26 F.3d 126
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Rafeal Arlandos JACKSON, Plaintiff-Appellant,
v.
Bill ARMONTROUT; Donald Cline; James Eberle; Major R.
Childs; Captain George Adams; Lt. Roger Boyd; Sgt. Joe
Trueblood; Sgt. David Corum; Dick Moore; Members of the
Adjustment Committee, Rodney Perry, Defendants-Appellees.
 No. 93-3146.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 14, 1994.
Filed: June 13, 1994.
 
 Before HANSEN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Jackson appeals the district court's[1] order dismissing this lawsuit and limiting his future in forma pauperis filings to lawsuits dealing with life-threatening or serious constitutional violations. We affirm.
 
 
 2
 This suit represents the eleventh of Jackson's twelve suits he has filed in forma pauperis since he was incarcerated in 1988. In this suit, Jackson claims violations of his rights pursuant to 42 U.S.C. Sec. 1983 stemming from an incident in which he was allegedly beaten by prison guards. The defendants filed for dismissal when Jackson filed a motion to compel discovery that incorrectly alleged Jackson sent the defendants a "golden rule" letter as required under the local rules. At an evidentiary hearing, the magistrate judge took judicial notice of the orders in Jackson's other cases in which Jackson had been found to have violated rules of procedure or orders of the court.[2] After hearing testimony from both Jackson and the defendants' attorney, the magistrate judge found that Jackson had violated Rule 11 of the Federal Rules of Civil Procedure and, as a sanction, dismissed the instant lawsuit and limited Jackson's "future in forma pauperis filings to lawsuits dealing with life-threatening or serious constitutional violations." Jackson v. Armontrout, No. 91-4288-CV-V-5, slip op. at 5 (W.D. Mo. April 1, 1993) (Magistrate Judge's Report, Recommendation and Order).
 
 
 3
 We review a district court's Rule 11 sanction order for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). More specifically, we have upheld limits on a plaintiff's ability to proceed in forma pauperis when the individual failed to comply with orders of the court, or otherwise purposely and repeatedly engaged in tactics designed solely to delay or prolong the proceedings. Foster v. Eberle, 978 F.2d 1014, 1015-16 (8th Cir. 1992). This same conduct justifies dismissal of a complaint. Pardee v. Stock, 712 F.2d 1290, 1291 (8th Cir. 1983). Our review of the record confirms the district court's finding that Jackson has a history of ignoring or failing to comply with the orders and the rules of the court. In light of Jackson's history, the district court's sanction order does not constitute an abuse of discretion.
 
 
 4
 Jackson contends that his case is different from other cases in which this type of sanction has been employed, e.g., Foster, 978 F.2d at 1015-16; In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988); Green v. White, 616 F.2d 1054, 1055 (8th Cir. 1980), because he has not flooded the courts with multitudes of frivolous suits. Although Jackson is correct when he notes this difference, he mistakenly assumes that such activity is a prerequisite to the imposition of limits on a plaintiff's right to proceed in forma pauperis. Jackson's regular refusal to obey the court's rules and orders disrupts the legal system, increases the buren on limited court resources, and justifies limiting his ability to proceed in forma pauperis. We therefore affirm the district court.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri
 
 
 [2]
 The appellees' motion to file a supplemental appendix containing these orders is hereby granted