70 F.3d 1276
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Curtis SULLIVAN, Appellant,
v.
Curt MALONE; Debby, Appellees.
 No. 95-1113.
 United States Court of Appeals, Eighth Circuit.
 Submitted: October 6, 1995.
Filed: November 29, 1995.
 
 Before McMILLIAN, BOWMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Missouri inmate Curtis Sullivan appeals from the district court's[1] order dismissing with prejudice his 42 U.S.C. Sec. 1983 action, pursuant to Federal Rule of Civil Procedure 41(b); granting defendant's motion for attorney's fees and costs, pursuant to Federal Rule of Civil Procedure 37(b)(2); and restricting Sullivan's right to file future in forma pauperis (IFP) cases in the district court. We affirm.
 
 
 2
 In his complaint, Sullivan alleged that he suffered a broken blood vessel in his hand when prison official Curt Malone threw a bar of soap at him. Pursuant to a court order granting Malone leave to depose Sullivan, Malone filed a notice to take Sullivan's deposition. Sullivan moved to delay the deposition, based on his claim that prison officials had removed relevant legal documents from his cell, but the court denied his motion and ordered him to answer questions and to explain as best he could the location of documents supporting his claim. Sullivan refused to participate in the deposition, however, even after Malone's counsel provided Sullivan with a copy of the order denying his motion and warned Sullivan he would move to dismiss the complaint if Sullivan did not cooperate. The district court granted defendant's ensuing motion to dismiss under Rule 41(b), finding that Sullivan had willfully disobeyed the court's order. The district court also imposed a sanction for costs and attorneys fees, and denied Sullivan, who had filed a series of IFP cases, the right to file additional IFP cases in the court until he had paid the sanction, unless the case involved a serious constitutional violation or a life-threatening incident. On appeal, Sullivan argues that the court erred in imposing these sanctions.
 
 
 3
 We conclude that the district court's finding that Sullivan willfully disobeyed its order was not clearly erroneous. See Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir.1992) (clear error standard of review for finding of willfulness). Based on this finding and the district court's consideration of the balancing test for dismissal set forth in Omaha Indian Tribe v. Tract I-Blackbird Bend Area, 933 F.2d 1462, 1468 (8th Cir.) (per curiam), cert. denied, 502 U.S. 942 (1991), we conclude the district court did not abuse its discretion by dismissing Sullivan's complaint with prejudice. See Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir.1992) (per curiam) (no abuse of discretion where court found party acted willfully); First Gen. Resources Co. v. Elton Leather Corp., 958 F.2d 204, 206 (8th Cir.1992) (per curiam) (standard of review for dismissal); see also Farnsworth v. City of Kansas City, 863 F.2d 33, 34 (8th Cir.1988) (per curiam) ("pro se litigants are not excused from complying with court orders"), cert. denied, 493 U.S. 820 (1989).
 
 
 4
 We also conclude that the district court properly required Sullivan to bear the attorneys' fees and cost associated with the aborted deposition, see Fed.R.Civ.P. 37(b)(2), and we see no impropriety in the filing restriction tied to that sanction, see Foster v. Eberle, 978 F.2d 1014, 1015-16 (8th Cir.1992) (per curiam). Finally, we reject Sullivan's argument that the district court abused its discretion in refusing to appoint counsel for him. See Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir.1991), cert. denied, 504 U.S. 930 (1992).
 
 
 5
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri