# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1404

_____

Mark Richard Still,

        Appellant,

    v.

Steven Crawford, M.D.; Correctional
Medical Services; Charlene Counts,
R.N.,

        Appellees.

    Appeal from the United States
    District Court for the Eastern
    District of Missouri.

        [UNPUBLISHED]

_____

Submitted: June 29, 2004
Filed: July 28, 2004

_____

Before MORRIS SHEPPARD ARNOLD, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

    Mark Richard Still, a Missouri inmate, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for maliciousness, and moves for leave to proceed in forma pauperis (IFP) on appeal. Although Mr. Still is subject to the three-strikes bar under 28 U.S.C. § 1915(g), we find his allegations that his degenerative disc and back diseases are worsening, causing him to be in pain and have limited activities and capabilities, and that he is at risk for disc rupture and partial paralysis if he does not receive medical treatment are sufficient to invoke the imminent-danger exception.

Thus, we grant him IFP status, leaving the fee collection details to the district court in accordance with 28 U.S.C. § 1915(b). We also reverse and remand.

When Mr. Still filed the instant section 1983 complaint, he indicated that he had not begun any other civil actions in state or federal court that dealt with the same facts involved in the instant action, or otherwise relating to his confinement. However, on his IFP application (submitted at the same time), he indicated that he had brought eleven prior cases while incarcerated or detained, and that these eleven cases had been dismissed for frivolousness, maliciousness, or failure to state a claim. He also submitted a list of these eleven cases, noting that a district court clerk had compiled the list at his request. Defendant Dr. Steven Crawford moved to dismiss the action for maliciousness, contending that a previous district court action of Mr. Still's had been dismissed for maliciousness because Mr. Still had failed to disclose prior cases in his complaint, and that in the instant case Mr. Still had not disclosed his prior litigation history in his complaint either. The district court dismissed the action with prejudice, stating that Mr. Still had given "no indication whatsoever of *any* previous cases," and finding that his failure to do so was an intentional misrepresentation and was in bad faith.

We assume, because the district court did not so state, that the dismissal was under 28 U.S.C. § 1915(e)(2)(B)(i) (court shall dismiss IFP case at any time if court determines that action is frivolous or malicious), and we conclude that the district court abused its discretion in dismissing the case, see Denton v. Hernandez, 504 U.S. 25, 33-34 (1992) (standard of review). We respectfully disagree with the district court's finding that Mr. Still's complaint contained intentional misrepresentations about his prior litigation history. When Mr. Still filed his complaint and moved for IFP status, he submitted a list of his prior eleven cases, and he resubmitted this list after defendant moved to dismiss. Even if his representation on the form complaint (that he had no prior cases) could be viewed as misleading and inaccurate, the simultaneously submitted IFP application (noting eleven prior cases) and the

-2-

litigation-history list clarified his answer. Further, we see no harm in Mr. Still's not informing the court or defendant, in his complaint, of the full extent of his prior litigation: the court already knew Mr. Still had at least three "strikes" under section 1915(g) and granted him leave to file the complaint IFP anyway; there was no dispute about whether Mr. Still's prior cases related to the instant claims; and defendant had not moved to dismiss the instant action on claim- or issue-preclusion grounds. Cf. Wright v. Sargent, 869 F.2d 1175, 1176 (8th Cir. 1989) (per curiam) (in assessing whether dismissal with prejudice under Fed. R. Civ. P. 41(b) is appropriate sanction, court considers egregiousness of plaintiff's conduct and its adverse effect on defendant and administration of justice).

Accordingly, we reverse and remand for further proceedings.

_____