**In re Donald Frances SORRELL, III, Debtor.**

**No. 05–6005.**

United States Bankruptcy Court, N.D. West Virginia.

April 26, 2006.

John W. Askintowicz, III, Charles Town, WV, for Debtor.

### ORDER TO SHOW CAUSE

PATRICK M. FLATLEY, Bankruptcy Judge.

On October 14, 2005, John W. Askintowicz filed a bankruptcy petition on behalf of Donald Frances Sorrell (the "Debtor"), charging $1,500 for his legal services. Mr. Askintowicz, however, failed to file the Debtor's bankruptcy schedules, the statement of financial affairs, and the disclosure of attorney compensation. Mr. Askintowicz also failed to appear at the Debtor's meeting of creditors. Subsequently, the Debtor obtained a new attorney and the United States trustee (the "Trustee") filed a motion to examine Mr. Askintowicz's attorney's fees. That motion came before the court for hearing on March 2, 2006, at which time the court ordered Mr. Askintowicz, *in abstentia,* to disgorge the $1,291 that he charged the Debtor for his services (he was not required to disgorge the $209 filing fee). Mr. Askintowicz had fifteen days to provide proof of payment to the

Trustee. According to the Trustee, Mr. Askintowicz failed to comply with the court's order, and the Trustee requests that the court hold him in contempt.

█ All federal courts have the implied and incidental power "'to discipline attorneys who appear before it.'" *Chambers v. NASCO,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (citation omitted). Before using its inherent powers to sanction an attorney, a court must generally find that the attorney has acted in bad faith. *E.g., Fellheimer, Eichen & Braverman v. Charter Technologies,* 57 F.3d 1215, 1225 (3rd Cir.1995) ("Invocation of a federal court's inherent power to sanction requires a finding of bad faith."). Section 105 of the Bankruptcy Code implements the power of the bankruptcy court to sanction contumacious conduct and impose civil contempt sanctions. 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); *Mountain America Credit Union v. Skinner (In re Skinner),* 917 F.2d 444, 447 (10th Cir.1990) ("[W]e conclude that Congress has granted [bankruptcy courts] civil contempt power by statute."); *Burd v. Walters (In re Walters),* 868 F.2d 665, 670 (4th Cir.1989) (holding that a bankruptcy court's civil contempt powers are incidental to Congress's statutory grant of powers in the Bankruptcy Code and that giving bankruptcy courts the power of civil contempt did not offend notions of Constitutional separation of powers); Alan M. Ahart *The Limited Scope of Implied Powers of a Bankruptcy Judge: A Statutory Court of Bankruptcy, Not a Court of Equity,* 79 Am. Bankr.L.J. 1, 2–3 (2005) ("To the extent that the inherent powers of a federal court arise from Article III of the Constitution, a bankruptcy judge, as an Article I judge, has no such powers.... inherent powers are not truly inherent if 105(a) confers these powers.").

█ Sanctions may either take the form of civil contempt, sanctions not otherwise authorized in the Bankruptcy Code, or the form of general damages. 2 *Collier on Bankruptcy* ¶ 105.04[7][b] (Alan N. Resnick & Henry J. Sommer eds., 15th rev. ed. Matthew Bender 2006). A sanction of civil contempt, however, must not be punitive, but it usually includes costs and attorney's fees inasmuch as those items are compensation for an injured party regarding the losses it suffered as a result of the other's contemptuous behavior. *See Hubbard v. Fleet Mortgage Co.,* 810 F.2d 778, 781–82 (8th Cir.1987) ("The commonly stated distinction is that if the penalty is to compensate the complaining party or to coerce the defendant into complying with the court's orders, the contempt is civil, while if the penalty is punitive, intended to vindicate the authority of the court, then the contempt is criminal."). The amount of attorney's fees to be awarded is based on a court's discretion, and the amount is generally determined by adjusting the lodestar method—multiplying the number of hours expended by the attorney's hourly rate—upward or downward. *In re Spectee Group, Inc.,* 185 B.R. 146, 160 (Bankr.S.D.N.Y.1995). Courts have also used § 105 "as a basis for holding that bankruptcy courts have both statutory and inherent authority to deny attorneys and others the privilege of practicing before that bar." *Cunningham v. Ayers (In re Johnson),* 921 F.2d 585, 586 (5th Cir.1991). Before prohibiting an attorney from practicing before a court, however, the court should make a determination that the attorney is unfit to be an official of that court and that the prohibition is necessary "'to protect the court and the public from the official ministration of [a] person unfit to practice.'" *In re Derryberry,* 72 B.R.

874, 881 (Bankr.N.D.Ohio 1987) (citation omitted). Imposing sanctions is a matter of discretion, that is to say it is " 'the responsible exercise of official conscience on all the facts of a particular situation' taking into consideration the purpose of the exercised power." *Wright v. Sargent,* 869 F.2d 1175, 1176 (8th Cir.1988) (citation omitted).

█ Based on Mr. Askintowicz's apparent violation of the court's order that he disgorge his attorney's fees, the court is entering this Order to Show Cause as to why Mr. Askintowicz should not be held in civil contempt. Mr. Askintowicz is hereby put on notice of the range of possible contempt sanctions that the court may impose for Mr. Askintowicz's purported failure to comply with the court's order, including: (1) payment of all costs incurred by the Debtor or the Trustee; (2) payment of a reasonable attorney's fee to the Trustee, if any; (3) payment of any losses suffered by any party; (4) suspension from filing any bankruptcy petition in this district until such fee is disgorged; and/or (5) suspension from practicing bankruptcy in this district for such a time as the court deems appropriate. Therefore, it is

**ORDERED** that Mr. Askintowicz appear before the court on May 18, 2006 at 1:00 p.m., at the Multipurpose Courtroom, 1st Floor, U.S. Courthouse, 217 West King Street, Martinsburg, WV 25402 to show cause why civil contempt sanctions should not be entered against him. It is

**FURTHER ORDERED** that if any party in interest has suffered a loss as a result of Mr. Askintowicz's purported failure to comply with the court's previous order of disgorgement that such party appear at the hearing in this matter to present evidence of that loss.