Don DARMS and Velma Darms, his wife; Edward C. Matthiesen and Vivian L. Matthiesen, his wife; William F. Miller and Violette J. Miller, his wife, Appellants,

v.

McCULLOCH OIL CORPORATION; McCulloch Properties, Inc.; McCulloch Recreational Properties, Inc.; Holly Development Corporation; Pratt Properties, Inc.; Cattlemens Title Guarantee Company; The Pratt Group; Holiday Island Suburban Improvement District; and Larry Stamps; Western States Publishers, Inc., James Quiggle and Lorne B. Pratt, Appellees.

No. 82–2453.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1983.

Decided Nov. 3, 1983.

HEANEY, Circuit Judge.

The plaintiffs—individual purchasers of lots within the Holiday Island residential and recreational development in Carroll County, Arkansas, and Barry County, Missouri—filed the present action in the United States District Court for the Western District of Arkansas on November 24, 1978. The defendants are the developers of Holiday Island, an Arkansas improvement district authorized to construct and maintain various improvements within the project, and past or present subsidiaries, agents, members, or associates of these parties. The district court dismissed the action with prejudice under Fed.R.Civ.P. 41(b) on October 25, 1982, for failure to prosecute. The plaintiffs appeal from the order of dismissal, and from earlier interlocutory orders and a September 21, 1982, grant of partial summary judgment in favor of the defendants on one of the plaintiffs' federal claims. We affirm.

A brief review of the long and tortuous procedural history of this action is necessary to an understanding of the plaintiffs' contentions on appeal and to a proper resolution of these contentions. On November 24, 1978, the plaintiffs, as individual lot purchasers and purported representatives of the class of all those who purchased or contracted to purchase lots from the defendants in Arkansas, Missouri, and elsewhere, sued the present defendants along with hundreds of other named and anonymous parties. On September 7, 1979, after several intervening motions, orders, and amended complaints, the district court allowed the plaintiffs to file a third amended complaint. This complaint was the subject of all further motions and orders. The plaintiff class was reduced to include only past and present lot owners at Holiday Island, numbering approximately 2,000 persons; many parties named as defendants in the first and prior amended complaints were omitted. Several state and federal officials were added as parties defendant. The complaint alleged numerous state and federal causes of action in connection with

P. Terence Crebs, Audrey G. Fleissig, St. Louis, Mo., Thomas D. Ledbetter, Ledbetter & Associates, Harrison, Ark., for appellants Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., of counsel.

Kenneth H. Castleberry, Epley, Epley & Castleberry, Ltd., Eureka Springs, Ark., for appellee Holiday Island Suburban Improvement Dist.

Wright, Lindsey & Jennings, Philip S. Anderson, Little Rock, Ark., Kadison, Pfaelzer, Woodard, Quinn & Rossi, Thomas J. McDermott, Jr., Howard O. Boltz, Jr., Los Angeles, Cal., for appellees.

Before HEANEY, ROSS and JOHN R. GIBSON, Circuit Judges.

the development and maintenance of Holiday Island, including: fraud and misrepresentation, conspiracy to defraud, antitrust violations, breach of trust, negligence, breach of contract, material alteration of development plans and specifications, unjust enrichment, federal agency liability, and violation of various corporation laws. It sought alternative forms of relief, including: rescission, a formal declaration of rights and obligations, specific enforcement of contracts, damages, and preliminary and permanent injunctions.

On January 17, 1980, the district court stayed general discovery by the parties pending determination of the plaintiff class certification issue. The court denied class certification on July 15, 1980, and restricted the case to the claims of the individual named plaintiffs. In November of 1980, the case was transferred from Judge Paul X Williams to Judge George Howard, Jr. On April 20, 1981, the case was transferred back to Judge Williams by agreement of the judges. Sometime before March 17, 1982, the case was transferred to Judge H. Franklin Waters.

At the time Judge Waters received the case, numerous requests for discovery, responses to discovery requests, motions to compel discovery, and other motions were part of the file. Many of the motions had been ruled upon; others had not. Judge Waters immediately requested the parties to summarize their claims and defenses, and to make or renew any motions necessary to move the case along. From his earliest contact with the attorneys for both parties, he made clear his intent to resolve the case by the end of 1982. As early as May 5, 1982, he informed counsel for the plaintiffs that he would set a trial date for the week of August 16, 1982. In subsequent correspondence, he informed both parties through counsel that the trial would be pushed back to October 25, 1982.

On August 2, 1982, after the parties filed briefs and memoranda and made or renewed several motions, Judge Waters issued an order reducing the number of defendants to eleven. He also stated that he had considered all motions relative to discovery which had been made or renewed pursuant to his requests, and he denied all such motions in light of the reduction in the number of issues and parties since the motions were presented. On August 3, 1982, the plaintiffs served interrogatories and a request for the production of documents and other evidence to the defendants. The defendants responded, with objections, on August 27, 1982. On September 10, 1982, the plaintiffs moved to amend their third amended complaint under Fed.R.Civ.P. 15(a), in order to add claims under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961–1968 (1976 & Supp. V 1981) (as amended). Judge Waters denied this motion on September 21, 1982.

On September 23, 1982, the plaintiffs filed a motion to compel discovery and for sanctions, alleging general insufficiency of the defendants' responses to interrogatories and requests for production. At a hearing on October 20, 1982, Judge Waters denied the motion, making clear that the plaintiffs continually failed to specify the alleged deficiencies in the defendants' discovery responses. On October 22, 1982, the plaintiffs informed the court that they would not put on any witnesses or evidence at the trial three days later. They also moved for a voluntary nonsuit, which Judge Waters denied. On October 25, 1982, the plaintiffs moved for a continuance and for the production of documents. Judge Waters dismissed the action with prejudice for failure to prosecute on the same day.

The plaintiffs appeal, alleging that Judge Williams and Judge Waters abused their discretion in issuing two orders with regard to the scope of their action. They also allege error in Judge Waters' September 21, 1982, order granting partial summary judgment in favor of the defendants on one federal claim and in his October 25, 1982, order of dismissal.

 The plaintiffs first assert that Judge Williams erred in denying the certification of a plaintiff class on July 15, 1980.

We disagree.[1] The trial court has broad discretion in ruling on a plaintiff's request for class certification, and its decision on the issue will not be disturbed on appeal absent an abuse of that discretion. *Shapiro v. Midwest Rubber Reclaiming Co.,* 626 F.2d 63, 71 (8th Cir.1980), *cert. denied,* 449 U.S. 1079, 101 S.Ct. 860, 66 L.Ed.2d 802 (1981), and cases cited therein. Judge Williams denied plaintiff class certification because the named plaintiffs failed to meet the requirement of "fair and adequate representation" of the class, found in Fed.R.Civ.P. 23(a)(4), and because they also failed to satisfy any of the three alternative prerequisites of Fed.R.Civ.P. 23(b)(1)–(3). We find no abuse of discretion in his action.

■ With regard to Rule 23(a)(4), the record clearly shows that the named plaintiffs could not agree among themselves as to the bases for the defendants' liability, much less on the types of relief which would be fair to themselves and potential class members. Furthermore, Judge Williams recounted uncontroverted evidence that at least one of the named plaintiffs had "negligently misapplied" funds collected from potential class members to support the litigation. In addition, the record at least raised a question as to the desire and financial ability of the named plaintiffs to vigorously pursue the interests of 2,000 potential class members.

■ Even if the "fair and adequate representation" requirement of Rule 23(a)(4) were met, Judge Williams did not abuse his discretion in holding that none of the alternative prerequisites of Rule 23(b) were present in this case. On appeal, the plaintiffs assert that "questions of law [and] fact

common to the members of the class predominate[d]" and that "a class action [would be] superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). The record reveals that each purchase of land at Holiday Island was a separate transaction, and that totally separate oral and written representations by the defendants allegedly caused the injuries to each plaintiff. The named plaintiffs also admitted to divergent degrees of reliance upon the numerous promotional materials disseminated by the defendants which purportedly were the common element to most purchasers' claims. Moreover, the potential class of purchasers would include many parties with claims totally unrelated to the defendants' promotional and operational activities, and the defenses raised in the case would necessarily vary based on the circumstances of each purchase. Therefore, we cannot accept the plaintiffs' claim on appeal that Judge Williams abused his discretion in holding that common questions of law or fact did not predominate for Rule 23(b)(3) purposes.

The plaintiffs next assert that Judge Waters erred on September 21, 1982, when he granted the defendants partial summary judgment on certain claims brought by individual plaintiffs under the Interstate Land Sales Full Disclosure Act (ILSFDA), 15 U.S.C. §§ 1701 *et seq.* (1982) (as amended). In his September 21 order, Judge Waters listed several purchases by individual plaintiffs which occurred on or before December 2, 1974. Because their action was not filed until November 24, 1978, Judge Waters held that any ILSFDA claims based on these purchases were time-barred by 15 U.S.C.

---

1. Because of our holding that Judge Williams did not abuse his discretion in denying class certification, we decline the opportunity to engage in an esoteric discussion of whether the plaintiffs should be barred from contesting this ruling by virtue of their subsequent refusal to go forward at trial. *See generally Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 336, 339–340, 100 S.Ct. 1166, 1174–1175, 63 L.Ed.2d 427 (1980) (a denial of class certification is an interlocutory order generally appealable after final judgment); *Huey v. Teledyne, Inc.,* 608 F.2d 1234, 1236, 1239–1240 (9th Cir.1979), *cert. denied after remand,* 458 U.S. 1106, 102 S.Ct. 3484, 73 L.Ed.2d 1367 (1982) (a denial of class certification is not appealable when a subsequent dismissal for failure to prosecute is based upon that denial); 7A Wright & Miller, Federal Practice and Procedure § 1802, at 283 (1972) (a plaintiff may refuse to amend the complaint after a denial of class certification in order to obtain a final judgment dismissing the action and an opportunity for immediate appellate review of the certification issue).

§ 1711 (1976), a three-year statute of limitations for civil actions under the ILSFDA applicable when this case was filed. The plaintiffs now contend that Judge Waters improperly disregarded their earlier filings and the record made prior to the defendants' motion for summary judgment under consideration; they allege that the record raised genuine issues of material fact regarding the dates of certain other purchases by the affected plaintiffs and regarding acts by the defendants which could support an equitable tolling or estoppel of the limitations period. We disagree.

As we read Judge Waters' order, he granted the defendants summary judgment only on the plaintiffs' ILSFDA claims based on purchases which were listed in that order. Thus, any claims based on subsequent purchases made by the plaintiffs within the applicable limitations period were not affected by the order, and questions of fact regarding such later purchases were left open for trial. Furthermore, we agree with the Tenth Circuit that, at the time the plaintiffs filed this action, the three-year limitation in the ILSFDA was absolute and could not be tolled with evidence of fraudulent concealment, although evidence that the defendants induced the plaintiffs to forego suit once the basis for the action was known might create an equitable estoppel preventing the defendants from asserting the statutory limitation. *Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1043 & n. 7 (10th Cir.1980). We have examined the record on appeal and find no indication that the defendants induced any of the plaintiffs to forego seeking legal redress until November 24, 1978, for perceived ILSFDA violations connected to the transactions barred by Judge Waters' limited order.

The plaintiffs' third contention is that Judge Waters' order denying them leave to file a fourth amended complaint, also entered on September 21, 1982, was an abuse of discretion. The amendment would have added RICO claims which were based upon the same transactions which supported the plaintiffs' numerous other allegations of civil liability. Because this motion was not filed until September 10, 1982, and after the defendants had completed much of their discovery in anticipation of an October 25, 1982, trial date, we cannot say that Judge Waters abused his discretion in denying the motion. *See Gordon v. Terry,* 684 F.2d 736, 739 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1188, 75 L.Ed.2d 434 (1983).

The plaintiffs' final argument on appeal is that Judge Waters abused his discretion in dismissing their action with prejudice on October 25, 1982, for failure to prosecute.[2] The order of dismissal was made pursuant to Fed.R.Civ.P. 41(b). In reviewing the trial court's exercise of authority under Rule 41(b), "we consider whether in the exercise of that power the District Court has exceeded the permissible range of its discretion." *Moore v. St. Louis Music Supply Co.,* 539 F.2d 1191, 1193 (8th Cir.1976) (citation omitted). *See also Navarro v. Chief of Police,* 523 F.2d 214, 216 (8th Cir.1975) (per curiam). We do not consider a dismissal with prejudice under this rule lightly, for the effect of such an order is to forever deny a plaintiff access to the courts for the impartial resolution of potentially meritorious claims. *Moore v. St. Louis Music Supply Co., supra,* 539 F.2d at 1193; *Navarro v. Chief of Police, supra,* 523 F.2d at 217–218. Given the procedural history of this case and Judge Waters' forthright dealings with the parties throughout 1982, however, we hold that the Rule 41(b) dismissal with prejudice was within the bounds of his discretion.

The plaintiffs assert that the dismissal was improper in that Judge Waters, along with Judges Williams and Howard, failed to make timely rulings on various motions regarding joinder and discovery, resulting in the plaintiffs' inability to present their case

---

**2.** We consider Judge Waters' October 22, 1982, denial of the plaintiffs' motion for voluntary nonsuit and his October 25, 1982, denial of their motion for a continuance as part and parcel of his decision to dismiss the action for failure to prosecute. The same factors obviously underlaid each of these rulings.

at trial on October 25, 1982. While we agree that the unavoidable court assignments and reassignments prior to final transfer to Judge Waters made actual trial preparation difficult and the status of several motions uncertain, Judge Waters properly requested that all motions be filed or renewed in the spring of 1982 in order to prepare for a fall trial date. In addition to his formal rulings on many of these 1982 motions, his correspondence with counsel indicated his position that the parties should tailor all their requests for discovery and motions more closely to the individual claims which survived Judge Williams' denial of class certification than the requests and motions which had been previously filed. This the plaintiffs failed to do.

For example, Judge Waters' letter to the parties of March 17, 1982, explicitly stated that "[u]nder no circumstances" would he reconsider Judge Williams' denial of class certification. Again in a letter dated May 5, 1982, Judge Waters informed counsel for the plaintiffs that he would not change rulings made by the other judges earlier in the case; specifically, he stated that he did "not intend to allow [the plaintiffs] to amend [their] complaint to name 387 additional plaintiffs." Ignoring this clear statement of the court's position, the plaintiffs filed a renewed motion on June 1, 1982, requesting joinder of the 387 parties referred to in Judge Waters' May 5 letter, and sixteen additional lot owners at Holiday Island. Judge Waters apparently failed to make a formal ruling on this joinder motion, but in light of his earlier remarks directly regarding this issue, we cannot say that this failure justified the plaintiffs' refusal to go forward at trial.

With regard to the plaintiffs' requests for discovery and motions to compel, we find that Judge Waters handled the action promptly and fairly. Besides repeatedly encouraging the parties to attempt all means available to resolve discovery disputes without court intervention, Judge Waters properly recognized that, with the denial of class certification and his August 2, 1982, order limiting the number of defendants, the scope of discovery previously sought was much too broad for the action which remained. In the August 2 order, therefore, he denied all pending motions to compel discovery. The plaintiffs served the defendants interrogatories and requests for production on the following day which were in all material respects identical to those served in 1979 in anticipation of a class action. The defendants responded, with objections, on August 27, 1982.

The plaintiffs did not object to the responses before the court until September 23, 1982, one month prior to the scheduled trial date, when they filed a general motion to compel discovery. The motion specified no particular information which the defendants had improperly withheld. It was based apparently on the fact that the defendants had produced only hundreds of documents, rather than the over one million documents which they admittedly had on file. At a pretrial hearing on October 20, 1982, Judge Waters denied the motion, reiterating that the plaintiffs failed to request specific information pertinent to their individual claims which had not been surrendered by the defendants. Even after denying the motion, Judge Waters offered any help he could to obtain whatever specific information the plaintiffs needed from the defendants in the last days before trial.

Against this backdrop, and even assuming that counsel for the plaintiffs honestly did not believe they could go to trial with the information and documents in their possession, we cannot fault Judge Waters for dismissing the action with prejudice when the plaintiffs refused to put on any evidence to support their claims. After four years of pretrial activity, and over two years since the denial of class certification by Judge Williams, the plaintiffs could have better fashioned their requests for judicial intervention in the discovery process. Failing to do so, and in fairness to the defendants, Judge Waters did not abuse his authority in making the admittedly difficult decision to call a halt to this action.

For the foregoing reasons, we affirm the district court's dismissal with prejudice for failure to prosecute.