**Samuel E. HALEY, Jr., Appellant,**

v.

**The KANSAS CITY STAR, The Kansas City Times, The President, The Owner, The Reporters, The Writers, et al., WDAF T.V. Station, Mr. Terrence Connelly, et al., The Columbia Daily Tribune, Reporters, Writers, et al., The Missourian Newspapers in Columbia, Missouri, Reporters, Writers, et al., The Macon County, Missouri Newspaper, Reporters, Writers, et al., Appellees.**

No. 84–1725.

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1985.

Decided May 8, 1985.

As Amended June 7, 1985.

Julia F. Blakeslee, Kansas City, Mo., for appellant.

No brief filed for appellees.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and WOODS,* District Judge.

McMILLIAN, Circuit Judge.

Samuel E. Haley, Jr., appeals from a final order entered in the District Court for the Western District of Missouri dismissing his civil rights complaint with prejudice for want of jurisdiction and as frivolous. For reversal appellant argues that the district court abused its discretion in dismissing his

---

\* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

complaint with prejudice because of his court-appointed attorney's noncompliance with the district court's orders. For the reasons discussed below, we reverse and remand.

Appellant, an inmate of the Missouri Department of Corrections, filed two related pro se complaints in May 1981 under 42 U.S.C. § 1983 (1982). An in forma pauperis affidavit was also filed, and the complaints were provisionally filed. The first complaint, consisting of sixteen handwritten pages, named as defendants newspapers in Kansas City, Columbia, and Macon County, the owners of the newspapers, and many of the newspapers' reporters and writers. The claims basically center around pretrial publicity generated by appellees and the allegedly untrue news stories about appellant, which appellant alleged deprived him of a fair trial and slandered his good name. The second complaint, consisting of twenty-six handwritten pages, named twelve defendants, all of whom were involved in some way in appellant's conviction, e.g., the prosecutor, defense attorney, judge, and police officers. The second complaint alleges that these defendants conspired to deny him a fair trial by using false testimony and by generating false pretrial publicity. Because these complaints contained related allegations concerning pretrial publicity and other circumstances surrounding appellant's trial, the cases were consolidated.

Subsequent to the filing of the complaints, the district court in March 1982 appointed an attorney[1] to represent appellant in the action and granted the attorney thirty days within which to inform the court how he intended to proceed in the matter. On September 13, 1982, and on February 17, 1984, the district court again ordered appellant's attorney to inform the court in writing how he intended to proceed in the matter. The district court, by its February 17, 1984, order, directed appellant's attorney to prepare and file on or before February 29, 1984, either a formal amended complaint together with a detailed statement of the facts and evidence supporting appellant's claim or a motion to withdraw as counsel based on the attorney's informed belief that appellant's claim was totally frivolous or meritless. The time for complying with this order was subsequently extended to April 20, 1984. Appellant's attorney at his request was advanced $61.50 for transportation to and from Jefferson City, Missouri, to interview appellant.

On May 3, 1984, the district court, noting that appellant's attorney had failed to comply with the court's order and had failed to file either a formal amended complaint or a motion to withdraw, dismissed both cases for failure to prosecute and as frivolous. In addition, the district court denied appellant's motion for unconditional leave to proceed in forma pauperis. This court by order of July 1984 granted appellant leave to proceed in forma pauperis on appeal.

Appellant argues that the district court abused its discretion in dismissing his complaints with prejudice because of the inaction of his attorney. Appellant argues that it is clear from the record that the attorney failed to comply with the court's orders and that the district court penalized appellant by dismissing his complaints rather than taking action against the appointed attorney for his failure to carry out his professional and ethical obligations to appellant. Appellant argues that he did not share in the attorney's failure to comply with the court orders. Appellant asserts that as an indigent prisoner he was unable to employ his own counsel, could not freely communicate with his counsel except by mail, was not able to travel to the courthouse to check the court files and see what had or had not been done, and consequently was forced to rely on the court-appointed attorney to do those actions which were necessary to prosecute his case.

■ A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court. Fed.R.Civ.P. 41(b); see, e.g., Pardee

---

1. The attorney on appeal did not represent appellant in the district court.

*v. Stock*, 712 F.2d 1290, 1291 (8th Cir.1983), *citing Link v. Wabash R.R.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). "Dismissal with prejudice under Fed.R.Civ.P. 41(b) is a drastic sanction which should be exercised sparingly," *Pardee v. Stock*, 712 F.2d at 1292, because "the effect of such an order is to forever deny a plaintiff access to the courts for the impartial resolution of potentially meritorious claims." *Darms v. McCulloch Oil Corp.*, 720 F.2d 490, 491 (8th Cir.1983), *citing Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1193 (8th Cir.1976). "The court should resort to the dismissal of an action only when there has been 'a clear record of delay or contumacious conduct by the plaintiff.'" *Pardee v. Stock*, 712 F.2d at 1292 (citations omitted). In reviewing the trial court's exercise of authority under Rule 41(b), "we consider whether ... the district court has exceeded the permissible range of its discretion." *Darms v. McCulloch Oil Corp.*, 720 F.2d at 494 (citations omitted).

We hold that the district court abused its discretion in dismissing appellant's complaints with prejudice for failure of the appointed attorney to comply with the court's orders. Although it is clear from the record that the appointed attorney totally disregarded the district court's orders for a period of over two years, there is no indication that appellant was involved in the noncompliance. Dismissal of the actions is inappropriate in this case where the noncompliance was solely the fault of the attorney.[2] *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980); *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir.1974); *Industrial Building Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336, 1339 (9th Cir.1970).

Accordingly, the order of dismissal is vacated and the case is remanded to the district court.

---

**2.** We leave open the question whether dismissal would be appropriate if the attorney had been retained.