960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Nathanial C. BURGS, Appellant,
v.
JOHNSON COUNTY, Iowa; Bob Carpenter, Johnson County Sheriff
Department; Johnson County Jail; Sgt. Wagner, Johnson
County Jail Administrator; 3 Unknown Female Control Room
Operators; Sue Koshatra, Johnson County Deputy Sheriff;
Deputy Sheriff Richardson, Johnson County; Hipple; Johnson
County Deputy Sheriff; David Bell, Johnson County; Dr.
Bozek, County Coroner; Bell, Johnson County Deputy Sheriff,
Appellees.
 No. 91-3558.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 3, 1992.
Filed: April 17, 1992.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Nathaniel C. Burgs appeals pro se from the district court's order dismissing this 42 U.S.C. § 1983 action under Federal Rule of Civil Procedure 41(b) for failure to comply with the court's order to file a shortened supplemental complaint. We reverse.
 
 
 2
 As a pretrial detainee, Burgs filed an application to proceed in forma pauperis and a sixty-one page handwritten complaint against jail officials challenging the conditions of his confinement at the Johnson County jail in Iowa. The district court ordered Burgs to file a readable amended and substituted complaint on the form provided by the court for prisoner lawsuits, shortened "as much as possible while still providing the essential facts."
 
 
 3
 Burgs filed a twenty-four page typewritten single-spaced supplemental complaint, which essentially duplicated his handwritten version. The district court concluded Burgs "failed to make a conscientious effort to comply with the court's initial review order," and dismissed the action under Rule 41(b).
 
 
 4
 A district court has the power to order on its own initiative a dismissal for failure to comply with a court order under Rule 41(b), and such an order is reviewed on appeal for abuse of discretion. Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985). Because it operates as an adjudication on the merits, a Rule 41(b) dismissal is " 'a drastic sanction which should be exercised sparingly.' " Brown v. Frey, 806 F.2d 801, 803 (8th Cir. 1986) (quoting Pardee v. Stock, 712 F.2d 1290, 1292 (8th Cir. 1983)). The district court should only exercise this dismissal power when the plaintiff has demonstrated a " 'clear record of delay or contumacious conduct.' " Haley, 761 F.2d at 491 (citations omitted).
 
 
 5
 Here, Burgs defends his supplemental complaint by referring to a prior lawsuit. In that case, the district court had initially rejected his handwritten complaint but accepted the complaint when he retyped it; however, three of the seven defendants were dismissed. From that experience, Burgs concluded that he needed to retype his initial complaint in this case but should retain all its detail to avoid having some of the defendants dismissed.
 
 
 6
 We agree with the district court's criticism of the supplemental complaint, and Burgs's justification for disregarding the court's initial order is less than satisfactory. However, considering his pro se status, we conclude that the district court acted prematurely in dismissing the action under Rule 41(b) without giving Burgs an additional opportunity to properly present the merits of his action.
 
 
 7
 Accordingly, without addressing the merits of Burgs's complaint, and without otherwise restricting the district court's discretion to require that Burgs file proper pleadings and obey the applicable rules of procedure, we remand this action to the district court for further proceedings. Burgs's motion for appointment of counsel on appeal is denied.