977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Brenda Kay WEST, Appellant,
v.
TRUMAN MEDICAL CENTER WEST, INC., Missouri Hospitality
Management, Inc., doing business as The Kansas
City Marriott Plaza Hotel, Appellees.
 No. 92-1710.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 20, 1992.
Filed: October 23, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Brenda Kay West appeals from the district court's[1] dismissal of her civil rights complaint with prejudice as a sanction for her failure to make herself available for a deposition. We affirm.
 
 
 2
 Upon review of the record, we cannot say the district court abused its discretion in dismissing the complaint. See Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988) (per curiam), cert. denied, 493 U.S. 820 (1989). Dismissal is justified when there is " 'a clear record of delay or contumacious conduct.' " Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985) (citation omitted). West's pattern of delaying the final session of her deposition became evident in early January 1992, and continued until the time of dismissal. On appeal, she offers no valid reason for her behavior, arguing instead that, despite a court order requiring her to make herself available for the completion of her deposition, she considered her deposition complete. Her failure to attend is not excused on the grounds that she believed the discovery sought was burdensome and oppressive. See Fed. R. Civ. P. 37(d) (failure to attend own deposition not excused on ground that discovery sought was objectionable unless party failing to act applied for protective order). Further, her attorney twice warned her that her failure to attend her deposition could result in dismissal.
 
 
 3
 West also claims that she never authorized her attorney to sign a stipulation of dismissal as to Missouri Hospitality Management, Inc., d/b/a The Kansas City Marriott Plaza Hotel (the Marriott). Although West's appeal of the Marriott's dismissal was timely, we conclude that her argument lacks merit. West is bound by the acts of her attorney. See Link v. Wabash R.R., 370 U.S. 626, 633-34 (1962).
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri