2016 IL App (1st) 143733

SECOND DIVISION
January 19, 2016

No. 1-14-3733

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| BYER CLINIC AND CHIROPRACTIC, LTD., Individually and as the Representative of a Class of Similarly Situated Persons, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 11 CH 5322 |
| MICHAEL KAPRAUN, | ) ) | |
| Defendant-Appellant | ) ) | |
| (Eniva USA, Inc.; Eniva International, Inc.; Eniva-IC Disc, Inc.; Kapraun, P.C.; and John Does 1-10, | ) ) ) ) | Honorable LeRoy K. Martin, Jr. |
| Defendants). | ) | Judge Presiding |

_____

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justice Neville concurred in the judgment and opinion.
Justice Simon concurred in part and dissented in part, with opinion.

## OPINION

¶ 1    Class actions remain an essential tool to remedy wrongs committed against multiple people and businesses. Yet, the process can be susceptible to abuse, especially when the named plaintiffs openly cede or abandon their role as vigilant monitors of the litigation. Direct and meaningful

participation by the plaintiffs is not simply a causal or abstract notion, but vital to protecting the interest of absent class members.

¶ 2    The trial court, despite reservations as to plaintiff's adequacy, certified a class with plaintiff as its representative. Defendant appealed, which we granted. Ill. S. Ct. R. 306(a) (8) (eff. Jan. 1m 2916). Plaintiff has not met its burden of showing that it can fairly and adequately protect the interest of the class. The transcript of plaintiff's deposition unveiled a plaintiff with no grasp of the duties of a class representative; negligible knowledge of the facts giving rise to the lawsuit; no knowledge of the name of the individual defendant or the claims asserted; no knowledge as to how plaintiff became the named plaintiff; no knowledge of when the lawsuit was filed or its status; virtually no concept of the case or interest in it; and no knowledge of the attorney fee arrangement. Accordingly, in light of the inadequacy of the plaintiff's representations, we reverse the circuit court and remand for further proceedings.

¶ 3                                BACKGROUND

¶ 4    Plaintiff Byer Clinic & Chiropractic, Ltd. (Clinic), of Arlington Heights, IL, is the chiropractic practice of Carl F. Byer (Byer). The claims against all of the original defendants were dismissed following their filing for bankruptcy, leaving only a Montrose, MI chiropractor, Michael Kapraun, as the defendant. Kapraun was potentially liable for damages of in excess of $6 million before trebling. The Clinic alleges that in March and September 2006 it and other businesses received unsolicited facsimile transmissions from Kapraun about an anti-aging vitamin product that violated the Telephone Consumer Protection Act (47 U.S.C. § 227(b)(1)(C)(2012)).

¶ 5    The primary issue involves the Clinic's adequacy as the class representative, with the focus almost exclusively on Byer's deposition testimony. Regarding the Clinic's adequacy, Kapraun

maintains that a fair reading of Byer's deposition establishes a conspicuous paucity of knowledge concerning the case and passivity regarding its prosecution thereby making the Clinic unfit to serve as the class representative. Byer's testimony that relates to adequacy included these responses:

a. On whether he was pursuing the case individually or on behalf of a group, "I believe individually."

b. On how he came to be a plaintiff in the case (which was filed in February 2011), "I don't remember. I guess it's been since 2006."

c. On seeing the fax before suit was filed, "No, I don't recall."

d. On whether he had any duties or responsibilities to members of the class, "No."

e. On reading the complaint before it was filed, "I just glanced at it or something of that order."

f. On his knowing the current status of the case, "Not at all."

g. On knowing either the general or specific claims plead in the case, he did not know.

h. On knowing the amount of damages being claimed, before being coached by his counsel, "No."

i. On what it costs to receive a one-page fax and how much was paid for toner or paper, he did not know.

j. On what happened to the original fax he claimed to have received, he made no attempts and was never asked to locate it, and the copy he has was given to him by his counsel.

k. On knowing the date and time he received the fax from defendant, he does not know and nothing would refresh his recollection.

l. On being shown two exhibits purportedly faxes at issue, he did not recall receiving either one.

m. On how he became a plaintiff in the lawsuit, "I don't remember."

n. On whether he initiated the contact with his attorneys or they solicited him, "I don't remember."

o. On whether he received a solicitation letter from his attorneys, he would have kept it but was not asked to look for it.

p. On signing a contingent fee arrangement with plaintiff's counsel, "No" and "I don't know anything about any agreements, period."

q. On having an understanding on how the attorney fees are to be paid, "No."

¶ 6 At the hearing on class certification, regarding adequacy, the trial court observed that, based on Byer's deposition, he "share[s] some of the concerns that counsel for the defendant has *** about whether or not *** we have an adequate class representative here." While "some of the answers given at the deposition are troubling, [the court is] unwilling to go so far as to say that in this instance the class representative is a pawn of class counsel." Accordingly, the trial court entered an order certifying the class with plaintiff as its representative.

¶ 7                                                   ANALYSIS

¶ 8 In Illinois, there are four criteria for assembling a class action lawsuit: (1) the class is so numerous that joinder of all members is impracticable; (2) questions of fact or law common to the class predominate over any questions affecting only individual members; (3) the representative parties will fairly and adequately protect the interest of the class; and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy. 735 ILCS 5/2-801

(West 2012). The plaintiff bears the burden of establishing all four prerequisites. *Gridley v. State Farm Mutual Automobile Insurance Co*., 217 Ill. 2d 158, 167 (2005); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, ____ , 131 S. Ct. 2541, 2551 (2011) (holding federal equivalent of Illinois class action rule is not "a mere pleading standard"). This appeal casts a spotlight on the third requirement, representational adequacy.

¶ 9      The adequate representation requirement ensures that all class members receive proper, efficient, and appropriate protection of their interests in the prosecution of the claims. *Gordon v. Boden,* 224 Ill. App. 3d 195, 203 (1991). An adequate class representative must meet each of these requirements: (i) be a member of the class (*Ramirez v. Smart Corp.*, 371 Ill. App. 3d 797, 810-11 (2007)); (ii) not be seeking relief that is potentially antagonistic to nonrepresented members of the class (*id*.); and (iii) have the desire and ability to prosecute the claim vigorously on behalf of itself and the other class members, which requires a sufficient level of knowledge and understanding of the litigation. See *Walczak v. Onyx Acceptance Corp.*, 365 Ill. App. 3d 664, 678 (2006).

¶ 10                              I. The Class Representative's Role

¶ 11     The third element, which lies at the core of this appeal, asks whether the putative class representative is willing and able to assume an active role in the litigation and protect the interests of absentee members. See *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001); *In re Kosmos Energy Ltd. Securities Litigation*, 299 F.R.D. 133, 145 (N.D. Tex. 2014) ("Adequacy is a constitutional prerequisite to class certification. In fact, it has been said that, '[d]ue process issues are the single most important feature of class litigation, and adequacy looms over the entire debate.' " (quoting Linda S. Mullenix, Taking Adequacy Seriously: *The Inadequate Assessment of Adequacy in Litigation and Settlement Classes*, 57 Vand. L. Rev. 1687, 1696 (2004))). (Because

Illinois' class certification statute largely tracks the federal statutory scheme, we can draw guidance from federal decisions. See *Uesco Industries, Inc. v. Poolman of Wisconsin, Inc.*, 2013 IL App (1st) 112566, ¶ 45.)

¶ 12    " 'The purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim.' " *Walczak v. Onyx Acceptance Corp.*, 365 Ill. App. 3d 664, 678 (2006) (quoting *P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corp.,* 345 Ill. App. 3d 992, 1004 (2004)). The plaintiff's ability to provide "proper, efficient, and appropriate protection," is not a request but a requirement. *Kirkpatrick v. J.C. Bradford & Co*., 827 F.2d 718, 727 (11th Cir. 1987) (inadequate class representatives has "so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys").

¶ 13    The trial court has discretion in determining whether a proposed class meets the requirements for class certification and should err in favor of maintaining class certification. *Chultem v. Ticor Title Insurance Co.,* 401 Ill. App. 3d 226, 234-35 (2010). The question of certifying a class rests in the sound discretion of the trial court, and the trial court's decision will be reversed only on a showing that the court had abused its discretion or applied impermissible legal criteria. *Id.* at 235.

¶ 14    Kapraun argues that the Clinic failed to support its claim of adequacy with evidence. The record before us contains evidentiary material including Byer's deposition, defendant's deposition, and plaintiff's expert report, from which to determine whether the Clinic met its burden.

¶ 15    Kapraun's brief lists the materials that the Clinic attached to its motion for class

certification, perhaps attempting to draw the court's attention to the absence of Byer's deposition. Kapraun never argued before the trial court that the class certification motion was inadequate for failing to attach Byer's deposition. Both here and in the trial court, its entire adequacy argument rests on Byer's deposition testimony. Besides, in ruling on a motion for class certification, the trial court may consider any matters of law or fact properly presented by the record, including pleadings, depositions, affidavits, answers to interrogatories, and any evidence adduced at a hearing on the motion. *Cruz v. Unilock Chicago, Inc.*, 383 Ill. App. 3d 752, 763 (2008). Kapraun has placed Byer's deposition testimony in evidence.

¶ 16    Inquiry into the plaintiff's knowledge ensures that the class representative is not simply lending a name to a suit controlled entirely by class counsel. 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1766 (3d ed. 1998). To be considered adequate, the plaintiff must have a general knowledge of the character of the action, the role as representative, and the core issues in the case. *Murray v. New Cingular Wireless Services, Inc.*, 232 F.R.D. 295, 300-01 (N.D. Ill. 2005); *Krim v. pcOrder.com, Inc.*, 210 F.R.D. 581, 587 (W.D. Tex. 2002) (An adequate class representative should have "commendable familiarity with the complaint and the concept of a class action." (quoting *Horton v. Goose Creek Independent School District*, 690 F.2d 470, 484 (5th Cir. 1982)).

¶ 17    The distinction between the majority and the dissent is the difference between a fiduciary and a figurehead. In substance, according to Byer's deposition, which we read, Byer (i) believes he is pursuing the case individually and has no duties to the class; (ii) has no knowledge of the basic facts giving rise to the lawsuit; (iii) does not know how the Clinic became the named plaintiff; (iv) could not identify the name of the individual defendant or the claims asserted; (v) did not know

when the lawsuit was filed or the status of the case or discovery; (vi) had virtually no involvement in the case including in discovery; and (vii) had no knowledge of the attorney fee arrangement.

¶ 18    The Clinic responds, and the dissent maintains, that Byer's testimony indicates sufficient knowledge of the case and that he is motivated to act as the class representative. This treatment disregards the responsibilities the class representative undertakes and defeats the meaning and scope of the adequacy requirement. A potential class representative, like Byer, who expresses no incentive or intent to advocate for the absent class members, abdicates his or her fiduciary duty and allows class counsel free rein, thereby negating the role of a class representative as prescribed by section 2-801.

¶ 19    Byer's testimony depicts Byer as uninformed, lackadaisical, and inattentive about the facts, the litigation, and his role as the class representative. See *Ramirez v. Smart Corp.*, 371 Ill. App. 3d 797, 810 (2007); *Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*, 222 F.3d 52, 61 (2d Cir. 2000) (concluding class representatives inadequate if they "have so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys" (internal quotation marks omitted)); *Griffin v. GK Intelligent Systems, Inc.*, 196 F.R.D. 298, 302 (S.D. Tex. 2000) (finding class representatives inadequate when "[t]hey do not participate in litigation decisions, do not receive regular cost/expense information, and they learn of activity in the case when they are copied on matters already completed").

¶ 20    Byer conceded he "just glanced at [the complaint] or something of that order," failed to identify Kapraun, failed to articulate underlying case specifics beyond the most general characterization, and knew nothing of his obligations as a class representative—this without

more—establishes both lack of knowledge and disinterest in the case. Why even bother to appoint a class representative who unveils himself or herself as a tool of class counsel?

¶ 21    Byer is precisely the class representative a court wants to detect and avoid. *Alberghetti v. Corbis Corp.,* 263 F.R.D. 571, 580 (C.D. Cal. 2010) ("One of this Court's duties is to ensure that the parties are not simply lending their names to a suit controlled entirely by the class attorney." (Internal quotation marks omitted.)).

¶ 22    The class representative, along with class counsel, has a fiduciary duty to the putative class members. 4 Alba Conte & Herbert B. Newburg, Newburg on class Actions § 11:65, at 255 (4th ed. 2002) ("The general rule is that the named plaintiff and counsel bringing the action stand as fiduciaries for the entire class, commencing with the filing of a class complaint. The tendency of putative class members to rely on class representatives as fiduciaries to advocate the class interests has been observed and noted by the courts ***."). The class representative's fiduciary duty is nondelegable. Manual for Complex Litigation (Third) § 30, at 211-12 (1995) (stating that "attorneys and parties seeking to represent the class assume fiduciary responsibilities, and the court bears a residual responsibility to protect the interests of class members").

¶ 23    The dissent fails to appreciate that a superficial class representative is no class representative at all. The requirement that the class representative "protect the interest of the class" has as much weight as the other considerations that comprise adequacy. The duty to "protect" must be understood and embraced by the class representative and not viewed by the court as aspirational. See *Unger v. Amedisys Inc*., 401 F.3d 316, 321 (5th Cir. 2005) ("Class representatives must satisfy the court that they, and not counsel, are directing the litigation."); *Key v. Gillette Co*., 782 F.2d 5, 7 (1st Cir. 1986) (adequacy "requirement is particularly important because the due

process rights of absentee class members may be implicated if they are bound by a final judgment in a suit where they were inadequately represented by the named plaintiff"); *Horton v. Goose Creek Independent School District,* 690 F.2d 470, 484 (5th Cir. 1982) ("The adequacy requirement mandates an inquiry \*\*\* into the willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees [citations].").

¶ 24    Contrary to the dissent's characterization that we "erect[] a higher barrier for attaining class certification than has previously been recognized in Illinois," (*infra* ¶ 35) we simply have given equal due to each factor that comprises the adequacy requirement under section 2-801. The class representative's supervisory role should not be entrusted to a plaintiff whose answers to numerous deposition questions discloses virtually no familiarity or awareness with the facts or who the parties are or any understanding of the class representative's responsibility to vigorously prosecute the claims on behalf of the absent class members. The dissent goes so far as to state that "the need for the plaintiff's testimony is \*\*\* minor," (*infra* ¶ 51) a view that cannot but erode public confidence in class actions and undermine the integrity of the entire framework that governs class actions.

¶ 25    The dissent also states that threshold is "low" for finding adequacy of a class representative. But this does not mean it should be trivialized or treated as having no consequence. As already pointed out, in Illinois the class representative must have the desire and ability to prosecute the claim vigorously on behalf of itself and the other class members, which requires a sufficient level of knowledge and understanding of the litigation. See *Walczak v. Onyx Acceptance Corp.*, 365 Ill. App. 3d 664, 678 (2006); *In re Milk Products Antitrust Litigation*, 195 F.3d 430, 437 (8th Cir. 1999) ("A named plaintiff who lacks the desire

to 'vigorously pursue' the interests of potential class members is not a fair and adequate representative of the class." (quoting *Darms v. McCulloch Oil Corp.*, 720 F.2d 490, 493 (8th Cir. 1983)). It is this aspect of adequacy, demonstrated by Byer's testimony, that we find the Clinic lacks.

¶ 26    The totality of the deposition testimony reveals a passive figurehead. See *duPont v. Wyly*, 61 F.R.D. 615, 621 (D. Del. 1973) ("The requirement that the representative parties will fairly and adequately protect the interest of the class plays a crucial role in the class action scheme of amended Rule 23. Since that scheme holds the potential of binding class members who have no actual knowledge of the suit, the requirements of due process, as well as the necessity for confidence in the judicial process, demands assurance that representative parties can be counted upon to faithfully defend the interests of all members of the class." (Internal quotation marks omitted)). The evidence, which the dissent too readily dismisses, belies plaintiff will serve as a faithful fiduciary to the class. A few examples will do. When asked if he knew the case's current status, Byer testified explicitly, "Not at all." When asked whether, besides being deposed, he has "any duties or responsibilities to the other members of the class," Byer testified with an outright, "No." When asked whether he or the plaintiff had signed an agreement or understanding on the attorney fees to be paid, he testified, "I don't know anything about any agreements, period." This, despite Rule 1.5(c) of the Illinois Rules of Professional Conduct, which requires a contingent fee agreement "be in writing signed by the client and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal." Ill. R. Prof. Conduct (2010) R. 1.5(c) (eff. Jan. 1, 2010). And when asked, "Are you pursing the case individually or in behalf of a group," Byer testified, "I believe

individually."

¶ 27 According to the dissent, "Byer has stated his intention to work on behalf of plaintiff for the benefit of the other class members." *Infra* ¶ 38. But, nowhere in the deposition does Byer make this statement or anything of the sort. While at the end of the deposition, following a recess at which he conferred with his counsel, Byer acknowledges that the only reason he agreed to be the plaintiff was "to represent the class and the other folks that also received these unsolicited faxes," there is nothing in the deposition to justify finding that Byer has even the slightest understanding of the litigation and the obligations of the class representative. Again, the burden is on the plaintiff, and plaintiff alone, to demonstrate adequacy.

¶ 28 Finally, the dissent downplays the importance of a plaintiff's deposition in determining the plaintiff's eligibility to represent the class. The deposition of proposed class representatives is the most appropriate and direct way to evaluate named plaintiffs, and should not be treated as insignificant by the court. Where, as here, the words of the named plaintiff undermine the very fiduciary stewardship that the role requires, class certification should be denied. See, *e.g.*, *In re AEP ERISA Litig.*, No. C2-03-67, 2008 WL 4210352, at *3 (S.D. Ohio Sept. 8, 2008) ("The deposition transcript is replete with startling admissions about [plaintiff's] lack of overall involvement in the case and calls into question his understanding of the nature of the claims asserted. Moreover, his testimony instills little confidence in the Court that he views his role as anything other than a tool of class counsel.").

¶ 29 We find that the trial court abused its discretion in certifying the Clinic as the class representative.

¶ 30 II. Lack of Commonality Regarding March and September Faxes

¶ 31    Even though we have found Kapraun to be an inadequate class representative, we will address Kapraun's challenge on commonality. Kapraun argues that the Clinic cannot represent recipients of the September fax, which was sent six months after the March fax and the Clinic admits it did not receive. In *Uesco Industries*, 2013 IL App (1st) 112566, we held that a plaintiff could only represent those persons receiving the same transmission where the plaintiff received only one fax but sought to represent recipients of two separate faxes transmitted several months apart. *Id*. ¶ 70. Certifying a class with the plaintiff as the representative for both sets of recipients was an abuse of discretion. *Id*. ¶ 71. The Clinic fails to meaningfully or compellingly distinguish this case.

¶ 32    The March and September fax transmissions constitute two separate wrongful acts under the statute. This is not a case of a continuing wrong. The Clinic has not directed us to any case law in which a plaintiff has been deemed adequate to represent a group of individuals with whom the injury allegedly shared is temporally distinct by a period of six months. The Clinic acknowledges that the faxed documents differ and fails to point to any evidence to link the transactions.   Because defendant's allegedly wrongful act in March 2006 is distinct from its second allegedly wrongful act in September 2006, the trial court erred in certifying a class with plaintiff representing both groups of allegedly aggrieved parties.

¶ 33    Reversed and remanded.

¶ 34    JUSTICE SIMON, concurring in part and dissenting in part.

¶ 35    Today the court erects a higher barrier for attaining class certification than has previously been recognized in Illinois.   As it does so, the majority weighs deposition testimony favorable to the defendant's position over testimony favorable to the plaintiff, despite the standard of review

that requires us to not substitute our judgment for that of the trial court or even delve into whether the trial court exercised its discretion wisely. The majority also sidesteps compelling case law that militates in favor of the opposite outcome. The result of the court's decision is that it unnecessarily muddies the waters on what constitutes sufficient knowledge for representational adequacy without providing intelligible standards to guide courts or litigants going forward. I would find, as the trial court did, that plaintiff is an adequate representative, or at the very least that the trial court did not clearly abuse its discretion in finding plaintiff to be adequate.

¶ 36    For a class representative, the threshold for adequacy is low. *Wallace v. Chicago Housing Authority*, 224 F.R.D. 420, 429 (N.D. Ill. 2004). As the majority points out, under Illinois law, all that is required for a representative to be considered adequate is that the putative class representative: (1) is a member of the class; (2) is not seeking relief that is potentially antagonistic to nonrepresented members of the class; and (3) has the desire and ability to prosecute the claim vigorously on behalf of itself and the other class members. Plaintiff undeniably meets all of those criteria.

¶ 37    On the first point, plaintiff, by way of its expert, demonstrated that it suffered the same injury as thousands of others to whom an unsolicited fax was successfully transmitted in violation of the statute. It is clear that plaintiff could maintain an individual cause of action against defendant, which is enough to substantiate its class membership. *Ramirez v. Smart Corp.*, 371 Ill. App. 3d 797, 810 (2007). Defendant does not contest this point. On the second point, plaintiff demonstrated, and the complaint and record make clear, that plaintiff is seeking the same remedy as the other members of the class—they all seek statutory fees for a violation of the statute. There are no antagonistic interests between plaintiff and the class members whatsoever. Again,

defendant does not contest this. On the third point, Byer testified that the reason plaintiff is participating in the case is to represent the class. Byer, on behalf of plaintiff, is participating in discovery, he answered interrogatories, and he sat for a deposition. There is no indication that his participation will cease. When Byer's deposition testimony is considered in its entirety along with all of the record evidence, there is no reason to conclude anything other than that he is motivated, willing, and able to serve as the class representative. All of the elements are satisfied.

¶ 38 The majority claims that Byer "expresses no incentive or intent to advocate for the absent class members, abdicates his [] fiduciary duty and allows class counsel free rein." *Supra* ¶ 18. These charges are not supported by, and are actually contradicted by, the record. Byer did not disavow his duties to the other class members going forward as defendant and the majority insinuate. Instead, he testified he will advocate for the class and will represent it. Plaintiff has not failed to act as a fiduciary in any way and it is presumptuous to assume that, as a matter of law, it cannot act as one. The majority explains its belief that the difference between our positions is that its opinion requires a representative to be a fiduciary while I would allow a "figurehead." But that discounts the fact that plaintiff is an active participant in the case. Byer, as pointed out above, is fully participating in discovery and has expressly testified that he wants to be involved. Although the majority refers to plaintiff as a "passive figurehead" and a "tool of class counsel," Byer has stated his intention to work on behalf of plaintiff for the benefit of the other class members and we have no reason at all to conclude that he will not or cannot act in good faith, trust, and confidence. The majority's concerns are not evidence, and it cannot point to anything in the record to illustrate these suppositions, let alone consider them proved.

¶ 39 We have also recognized that inherent in the adequacy requirements there is a requirement

that the representative have some knowledge about the case. Yet, all that is required to satisfy the knowledge requirement is that the putative representative have a general knowledge of the character of the action, his role as representative, and the core issues in the case. *Murray v. New Cingular Wireless Services, Inc.*, 232 F.R.D. 295, 300-301 (N.D. Ill. 2005). A "marginal familiarity" is all that is required. *Clark v. TAP Pharmaceutical Products, Inc.*, 343 Ill. App. 3d 538, 550 (2003). Plaintiff has satisfied this requirement as well.

¶ 40 Byer testified that he understands the core issue in the case—"that I received a fax [when] I had no prior business relationship [with defendant], it was unsolicited," "that I should not be receiving faxes that are unsolicited." He understands his role as the representative—"to represent the class and the other folks that received these unsolicited faxes." The record evidence demonstrates that plaintiff is ready, willing, and able to pursue the claims on the class's behalf. Byer testified that he is willing to and interested in carrying out his responsibilities.

¶ 41 Importantly, a lack of knowledge will not disqualify someone from being a class representative unless his ignorance unduly impacts his ability to vigorously prosecute the action. *Murray*, 232 F.R.D. at 300-01; see also *Ramirez*, 371 Ill. App. 3d at 810-11. There is nothing at all in the record, and the majority points to nothing, that could possibly prove that any lack of knowledge would adversely impact plaintiff's ability to vigorously prosecute the action.

¶ 42 The majority's appellate fact-finding leads it to conclude that plaintiff's supposed lack of knowledge leaves it unable to protect the interests of the class. But it points to no evidence or even a theory as to how the absent class members are not actually protected. It is a hypothetical proposition. The purpose of the adequate representation requirement is merely to ensure that all class members will receive proper and efficient protection of their interests in the proceedings.

*Ramirez*, 371 Ill. App. 3d at 810. The evidence demonstrates that plaintiff is in the exact same position as the other class members, the plaintiff seeks the same thing for itself as it seeks for the remainder of the class members, and there are no antagonistic interests whatsoever. I see no reason that plaintiff cannot protect the interests of the class members.

¶ 43 Cutting further against defendant's position is the fact that a class representative does not need to understand the legal theories upon which his case is based in order to satisfy the adequate representation requirement. *Id*. He does not need to understand the complaint, etcetera. *Id*. The representative need not, and experience tells us rarely will, understand or be fully apprised of the minutia of a case. *Murray*, 232 F.R.D. at 300. It is well-known that the role of the class representative in a class action is nominal. *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1080 (7th Cir. 2013). Realistically, such cases are managed entirely by class counsel, with the class action attorneys being the real principals and the class representative being their agent. *Id*. at 1080-81.

¶ 44 It is also well-settled that the trial court has "broad discretion" in determining whether a proposed class meets the requirements for class certification and should err in favor of maintaining class certification. *Chultem v. Ticor Title Insurance Co.*, 401 Ill. App. 3d 226, 234-35 (2010). Whether to certify a class action is a matter within the sound discretion of the trial court, and the trial court's decision will only be reversed upon a showing that the court "clearly abused" its discretion. *Id*.

¶ 45 The majority points to portions of Byer's testimony that it claims establish "both a lack of knowledge and disinterest in the case." But the majority ignores the testimony to the contrary. Where we are directed to reverse a trial court's adequacy determination only if there is a "clear

abuse" of discretion, I think it is imprudent for the court to weigh the testimony that supports its decision over the testimony that supports the trial court's decision. In fact, we should do the opposite. Where there is ample evidence to support its findings, we should not rule that the court clearly abused its discretion.

¶ 46 Another shortcoming of the majority's opinion is that it fails to distinguish a nearly-universal body of law that deals with the exact type of challenges to the exact type of class action cases under the same statute. Frankly, in this type of case, a plaintiff's testimony has little to do with its ability to succeed on the merits. And even if plaintiff only has a little knowledge, it is effectively impossible that its amount of knowledge could impact its ability to adequately protect the interests of the other class members. In just the last few years, multiple federal courts of appeals analyzing the propriety of certifying a class in cases brought under the Telephone Consumer Protection Act have rejected arguments similar to those raised by defendant. In doing so, the courts have made clear that, under the statute, the plaintiff can make its case primarily, if not entirely, with expert testimony and with little contribution from the fax recipient.

¶ 47 In fact, under this line of cases, a plaintiff does not need to prove that the fax was ever printed or seen by any of its employees, does not need to have a specific recollection of receiving the fax, does not need to produce an actual copy of the fax, nor does it need to prove any of the other things the majority finds to constitute deficiencies in Byer's testimony. Instead, a plaintiff must only prove that there was a successful transmission from defendant to plaintiff consisting of an advertisement that violates the Act. See, *e.g.*, *Imhoff Investment, L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 634 (6th Cir. 2015) (rejecting the argument that a plaintiff cannot sue if it does not remember receiving the fax or produce a physical copy); *Palm Beach Golf Center-Boca, Inc. v.*

*John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1252-53 (11th Cir. 2015) (holding that evidence that the fax was successfully transmitted is sufficient for a compensable injury under the Telephone Consumer Protection Act, proof of receipt is unnecessary); *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684-85 (7th Cir. 2013) (same); *American Copper & Brass, Inc. v. Lake City Industrial Products, Inc.*, 757 F.3d 540, 545 (6th Cir. 2014) (explaining that, especially at the class certification stage, expert testimony that defendant transmitted the fax to the plaintiff is sufficient). Plaintiff's expert has testified that plaintiff received a successful, error-free transmission from defendant on March 2, 2006. The documentary evidence backs up this testimony. The expert testimony submitted by plaintiff, the admissions by defendant, and the other evidence on file, demonstrate that plaintiff has a sufficient interest in the case and that plaintiff has evidence from which it can prove a cognizable injury common with the other members of the class.

¶ 48    Between the expert's report and the other evidence on file at the time the trial court considered the certification motion, plaintiff made out a *prima facie* showing of adequacy. So the inadequacy finding is based entirely on Byer's supposedly deficient deposition. But when a motion for class certification is presented, the trial court is to resolve all matters of law and fact in light of the entire record, including pleadings, depositions, affidavits, answers to interrogatories, and any evidence adduced at hearing on the motion. *Cruz v. Unilock Chicago, Inc.*, 383 Ill. App. 3d 752, 763 (2008). I disagree that whatever unfavorable answers Byer may have given at his deposition are sufficiently detrimental to defeat everything on the other side of the issue that shows plaintiff is adequate. When the totality of the information is considered, especially in light of what would actually need to be proved at trial, it is clear that plaintiff can adequately represent the absent class members and protect their aligned interests.

¶ 49    In the face of all of the documentary and expert evidence showing that plaintiff is adequate under our precedent, and in light of the trial court finding that the representative was adequate, I think it is a significant departure from the precedential status quo to conclude that some unhelpful testimony in a putative class representative's deposition means that clearly no reasonable person could come to the conclusion that the trial judge did.

¶ 50    The majority is keen to remand the case, presumably so another potential representative can take a stab at satisfying the requirements.   But one of the principal aims of class actions is efficiency.   *Portwood v. Ford Motor Co.*, 183 Ill. 2d 459, 464 (1998).   There does not seem to be any real question that plaintiff could individually pursue this case against defendant and, although we do not know any defense strategies, have a likelihood of success on the merits.   I do not see why plaintiff cannot bring the other class members along with it when all questions of law and fact are identical.   Perhaps on remand class counsel could find a representative slightly more prepared or adept at giving a deposition, but I cannot conceive of it having any impact on the case at all. The additional delay in resolving this case is not justified by whatever negligible impact a different representative might have.

¶ 51    The majority provides no persuasive reason for reaching beyond the requirements that Illinois courts have previously applied for representational adequacy.   The extent to which the majority applies academic scrutiny and champions the aspirational makeup for a representative is telling.   It wants to ignore the simple realities of *this case* and create the illusion of inadequacy despite being unable to show at any level how plaintiff's knowledge could logically impact its ability to prosecute the action.   See *Murray*, 232 F.R.D. at 300-01; *Ramirez*, 371 Ill. App. 3d at 810-11 (a lack of knowledge will not disqualify someone from being a class representative unless

his ignorance adversely impacts his ability to vigorously prosecute the action). Especially in a case where the need for the plaintiff's testimony is so minor, I fail to see how plaintiff could not represent this class. The majority expresses concern that my view about plaintiff's testimony having minor importance *in this case* "cannot but erode public confidence in class actions and undermine the integrity of the entire framework that governs class actions." But the fact that one particular type of case under one particular statute requires little testimony from a plaintiff is sure to do neither. The statute simply requires what it requires. In any event, the threshold for the knowledge element of the representative's adequacy has been and should remain to be low. I would hold that there is evidence to support a finding that plaintiff can and will adequately represent the interests of the class members.

¶ 52 We have instructed trial courts that they have broad discretion to resolve these questions and that they should err in favor of class certification. However, this opinion is at odds with that grant of discretion. This is a case where the plaintiff knows its injury, knows the aims of the suit, and has a baseline knowledge of its responsibilities. Plaintiff has the same injury, seeks the same remedy, and is not in any way antagonistic to the class. The trial court took and reviewed the evidence, listened to the arguments of the parties, and issued a thoughtful, well-reasoned decision finding plaintiff to be an adequate representative. I would affirm as correct the part of the trial judge's order finding plaintiff to be an adequate representative, or I would at least find that the trial judge did not clearly abuse his discretion.

¶ 53 Accordingly, I respectfully dissent from part I of the court's opinion. I concur with part II.